1 | JEFFREY A. COHEN, [State Bar 149615]
jcohen@corichlaw.com
2 | ERIK S. VELIE, [State Bar 252446]
evelie@corichlaw.com
3 | COHEN & RICHARDSON, PC
2321 Rosecrans Avenue, Suite 4210
4 | El Segundo, CA  90245-4911
Telephone: (310) 469-9600
5 | Fax: (310) 469-9610

6 | Attorneys for Plaintiff, Global Development Strategies, Inc. and Global
7 | Distribution Services, Inc.

8 |                    UNITED STATES DISTRICT COURT

9 |                    CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | Global Development Strategies, Inc., a   Case No.  CV11 - 01966 CAS(AGRx)
Nevada Corporation; Global
12 | Distribution Services, Inc., a Nevada   **COMPLAINT FOR:**
Corporation,

13 |            Plaintiffs,              **(1) VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION UNDER 15 U.S.C. § 1125(d);**
14 |            vs.                      **(2) BREACH OF ORAL CONTRACT;**
15 | Mobile Motion, Inc., a California     **(3) BREACH OF IMPLIED-IN-FACT CONTRACT;**
Corporation; Doron Kim, an individual,
16 | E DATING For Free, Inc., a California   **(4) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
Corporation; and DOES 1-10.
17 |                                     **(5) CONVERSION; AND**
18 |            Defendants.              **(6) FRAUD – INTENTIONAL MISREPRESENTAION.**

19 |

20 |                                     **DEMAND FOR JURY TRIAL**

21 |

22 |                                     Judge:

23 |                                     Courtroom:  5

24 |

25 |

26 |

27 | COMES NOW Plaintiffs, Global Development Strategies, Inc., a Nevada

28 | Corporation ("GLOBAL STRATEGIES") and Global Distribution Services, Inc., a

1  Nevada Corporation ("GLOBAL SERVICES") (collectively referred to as

2  "GLOBAL", "Plaintiffs") allege causes of action against Defendant, Mobile

3  Motion, Inc., a California corporation, ("Mobile Motion")  Defendant, Doron Kim,

4  an individual ("KIM" and collectively with Mobile Motion, "Mobile"),  and

5  Defendant, E Dating For Free, Inc. ("E DATING"), as follows:

6  <center>**NATURE OF THE CASE**</center>

7      1.     This is an action to enjoin Mobile, who are internet marketing

8  consultants of Plaintiffs, and E DATING, from unlawfully and improperly

9  registering, re-registering, using, transferring to third parties and/or assigning

10  certain Domain Names (identified below) to third parties in violation of 15 U.S.C.

11  1125(d) and refusing to transfer the Domain names to Plaintiffs upon Plaintiffs'

12  request.  Mobile and E DATING have intentionally and unlawfully registered and

13  used the Domain Names, which Plaintiffs paid for, by refusing to transfer the

14  registrations to Plaintiffs all with the bad faith intent to profit from the famous

15  registrable trademark marks for which Plaintiffs are legally entitled to and have the

16  right to registration.

17      2.     Mobile has log-in access to certain Internet advertising accounts

18  known as "Pay-Per-Click" accounts that belong to Plaintiffs. Plaintiffs are

19  presently unable to access these accounts to view them or to make changes to them

20  despite the fact that these accounts continue to charge Plaintiffs' credit cards

21  $750.00 to $1,000.00 or more on a **daily** basis.  Mobile refuses to turn these

22  accounts over to Plaintiffs. Plaintiffs seek to enjoin Mobile from disposing of,

23  deleting, transferring to third parties or making other changes to the "Pay-Per-

24  Click" accounts (1) Google AdWords (defined below) and (2) Microsoft AdCenter

25  (hereinafter "Accounts") presently held by Mobile purportedly for the benefit of

26  Plaintiff, which are necessary to Plaintiffs' marketing and brand. Mobile is in

27  breach of an oral agreement between Plaintiffs and Mobile with respect to the

28  registration of the Domain Names as set forth above and the ownership of the

1   Google AdWords and Microsoft AdCenter marketing accounts, for which
2   Plaintiffs have at all times and continue to pay and be solely financially responsible
3   for.

4       3.      Accordingly, under the various causes of action plead herein;
5   Plaintiffs seek a temporary restraining order and preliminary injunction
6   maintaining the status quo and eventually permanent relief in the form of the
7   transfer of the registration of the Domain Names and access to the Pay-Per-Click
8   Accounts as well as monetary and other damages arising from Mobiles' willful and
9   unlawful cybersquatting practices, and breaches of the oral agreement between the
10  parties as set forth below.

11  **SUBJECT MATTER JURISDICTION**

12      4.      This action arises under the Anti-Cybersquatting Protection Act (the
13  "ACPA"), which is codified in the Lanham Trademark Act 15 U.S.C. §§ 1051, *et*
14  *seq.*, at 15 U.S.C. § 1125(d). Accordingly, this Court has federal jurisdiction over
15  the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§
16  1331.

17      5.      In addition, this Court has supplemental jurisdiction over the common
18  law claims alleged herein pursuant to 28 U.S.C. § 1367 as those claims arise from
19  the same case and controversy as the the "ACPA" claim.

20  **THE PARTIES, PERSONAL JURISDICTION AND VENUE**

21      6.      At all times mentioned herein, GLOBAL STRATEGIES is and was a
22  corporation duly organized and existing under the laws of the state of Nevada.
23  GLOBAL STRATEGIES's principal place of business is located at 9985
24  Businesspark Avenue, Suite B, San Diego, CA 92131.

25      7.      At all times mentioned herein, GLOBAL SERVICES is and was a
26  corporation duly organized and existing under the laws of the state of Nevada.
27  GLOBAL SERVICES's principal place of business is located at 9985
28  Businesspark Avenue, Suite B, San Diego, CA 92131.

COHEN AND
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

3

COMPLAINT

8.      Upon information and belief, Mobile Motion is a corporation organized under the laws of the state of California and with a regular and established place of business located at 111 Pier Avenue, Suite 111, Hermosa Beach, CA 90254, with the address for its agent of service of process located at 223 N. First Avenue, Suite 103, Arcadia, CA 91006.  This Court has jurisdiction over Mobile Motion because its principal place of business is located in the state of California, it has a regular and established pattern of business within the state of California and its actions give rise to the claims pled herein have taken place in the state of California and have caused the injury complained of herein within the state of California.

9.      Upon information and belief, KIM is President and CEO of Mobile Motion.  KIM currently resides at 4608 Westchester Drive, Woodland Hills, California, 91364.  The Court has jurisdiction over KIM because KIM is domiciled in the state of California and because KIM has committed a substantial portion of the acts that give rise to the claims in this action within the state of California and it is foreseeable that his actions would cause, and have caused, the injury complained of herein within the state of California.

10.      Upon information and belief, E DATING is and was a corporation organized under the laws of the state of California and with a regular and established place of business located at 1229 Hermosa Avenue, 3rd Floor, Hermosa Beach, California 90254.  This Court has jurisdiction over E DATING because its principal place of business is located in the state of California, it has a regular and established pattern of business within the state of California and its actions give rise to the claims pled herein have taken place in the state of California and have caused the injury complained of herein within the state of California.

11.      Upon information and belief, additional unidentified parties, currently identified as DOES 1 through 10, bear liability for the wrongful acts detailed in this complaint.

1    12.    Venue is proper in this jurisdictional district pursuant to 28 U.S.C. §
2  1391 because a substantial part of the events giving rise to the claims pled have
3  occurred in this jurisdictional district and both Mobile and E DATING reside
4  within this jurisdictional district.

## PRELIMINARY ALLEGATIONS

**A.    Alter Ego Allegations.**

13.    Plaintiffs allege, on information and belief, that at all times mentioned
herein, each of the Mobile were and are the agents, servants, employees,
representatives and/or alter egos of the other Mobile, and in doing the things herein
mentioned were acting within the scope of their relationship as such agents,
servants, representatives and/or alter egos, with the permission and consent of the
remaining Mobile.

14.    Furthermore, Plaintiffs are informed and believe, and based thereon
allege, that there exists, and at all times mentioned there existed, a unity of interest
and ownership between Mobile Motion, on the one side, and KIM, on the other
side, such that any individuality and separateness between Mobile Motion, on the
one side, and KIM, on the other side, never existed or has ceased, and Mobile
Motion is the alter ego of KIM such that Mobile Motion and KIM, and each of
them:

   a.   Purchased corporate assets with personal funds;
   b.   Withdrew and used corporate funds for personal use;
   c.   Failed to maintain adequate corporate records;
   d.   Failed to hold any meetings, including organizational meeting, any
        members' meetings or board of directors meetings;
   e.   Appointed a managing member without holding elections or
        obtaining consent of members;
   f.   Failed to maintain records or minutes of directors and/or meetings
        or minutes of any corporate proceedings;

g. Carried on the business in the corporate name without regard to the corporate entity, exercising complete control and dominance of such business to such an extent that any individuality or separateness did not exists; and

h. Used the corporate form in an attempt to avoid personal liability on contractual obligations and personal liabilities.

15.    Adherence to the fiction of the corporate existence of Mobile Motion as an entity distinct from KIM would permit an abuse of corporate privilege and would sanction fraud and promote injustice in the transfer of assets between them, without consideration to others, without regard to the actual legal or equitable title.

16.    Plaintiffs are informed and believe, and based thereon allege that KIM holds himself out as a managing agent of Mobile Motion, and all representations made by him, and all acts and omissions of KIM as set forth herein are authorized and ratified by Mobile Motion.

17.    Plaintiffs allege, on information and belief, that Mobile are jointly and severally liable for the claims asserted herein in that each bears some responsibility for the torts asserted herein.

## FACTS MATERIAL TO THE CLAIMS ALLEGED HEREIN

### A.    Business Operations and Background of Parties

18.    On information and belief, Mobile Motion and KIM are internet marketers for small business that provide online services to clients which include, but are not limited to search engine optimization ("SEO") services, Pay-Per-Click advertising and Pay-Per-Call services.

19.    Plaintiffs are sellers and installers of overhead garage doors for residential and commercial consumers throughout the United States.   Peter Stephens is the sole shareholder of both GLOBAL entities GLOBAL STRATEGIES and GLOBAL SERVICES.

///

COHEN AND
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

6

20.     Prior to forming GLOBAL STRATEGIES and GLOBAL SERVICES, Peter Stephens was the sole shareholder and President of the following entities: (1) America's Alliance Overhead Door corporation, Inc., a Texas corporation ("America"); (2) Overhead Garage Door Services, Inc., a Florida corporation ("OGD"); (3) America's Choice Garage Door Services MN, Inc., an Arizona corporation ("ACG"); (4) Garage Door Service Company, Inc., a Florida corporation ("GDS"); (5) AAA Allstate Overhead Door Corporation, Inc., a Florida corporation ("AAA"); (6) America's Choice, Inc., a California corporation ("Choice"); and (7) ASAP Overhead Doors, Inc., a Washington corporation ("ASAP")("America", "OGD", "ACG", "GDS", "AAA", "Choice" and "ASAP" shall hereinafter be collectively referred to as the "Old Corporations".)   The rights of all of these entities have been properly assigned to the GLOBAL entities as alleged herein below.

**B.     The Agreement, the Assignments and Mobiles' Willful and Bad Faith Representations**

21.     In order to market the Old Corporations, which also sold and installed overhead garage doors, on or around September of 2003, Peter Stephens, on behalf of the Old Corporations, and each of them, on one hand and Mobile, on the other, entered into an oral agreement ("Agreement") for Mobile to provide internet marketing services to the Old Corporations in exchange for specified compensation from the Old Corporations.

22.     Under the terms of the Agreement, the Old Corporations and Mobile agreed that Mobile would handle and oversee all internet marketing activities for the Old Corporations in furtherance of the Old Corporations' internet marketing campaign, including but not limited to servicing of the Old Corporations' websites, Pay-Per-Click advertising, SEO and domain name registration (the "Internet Services").  In exchange for these services, the Old Corporations agreed to pay Mobile a monetary commission of a percentage of the amount of revenue the Old

1  Corporations' received through the Internet Services.

2      23.    The parties agreed that the ownership of any and all Intellectual

3  Property, Domain Names, websites, Pay-Per-Click accounts and Pay-Per-Click

4  keywords purchased under such Pay-Per-Click accounts would be the sole property

5  of the Old Corporations.  It was further understood and agreed under the

6  Agreement that any domain names purchased and registered by Mobile would be

7  registered to and for the benefit of the Old Corporations and the right to register

8  such domains would be vested in the Old Corporations.  Further, it was understood

9  and agreed between the parties that Plaintiffs would be entitled to immediate

10  access and use of any and all Pay-Per-Click accounts and Pay-Per-Click keywords

11  upon demand by Plaintiffs.  Plaintiffs and Mobile also agreed that the Agreement

12  could be terminated at any time by either party.

13      24.    The Old Corporations and Mobile further agreed under the Agreement

14  that all services, fees and charges and other expenses related to obtaining and

15  registering domain names, the websites, Pay-Per-Click accounts and key words

16  purchased under such accounts for the internet marketing campaign would be the

17  paid for by the Old Corporations.

18      25.    On July 1, of 2008, the Old Corporations each assigned (the

19  "Assignments") all of their assets and contractual rights and obligations to

20  Plaintiffs, including but not limited to the Old Corporations' rights and obligations

21  under the Agreement alleged in paragraph 21 of this Complaint to Plaintiffs.  KIM

22  and Mobile Motion were aware of, recognized and ratified all rights under the

23  Assignments at the time that they occurred and KIM thereafter continued to

24  perform the Internet Services, and each of them, for Plaintiffs under the

25  Agreement.  As a result of the foregoing, Plaintiffs seek to enforce all rights and

26  remedies under the Agreement as alleged herein.  A copy of the Assignments

27  between the Old Corporations and Plaintiffs is attached hereto as Exhibit A.

28      26.    In reliance upon this Agreement and Mobiles' willful mis-

representations, Peter Stephens provided Mobile with various corporate credit cards (the "Credit Cards") to use the same for the benefit of Plaintiffs in order set up the Pay Per-Click Accounts and to register domain names for the benefit of each of the respective Old Corporations' names, as well as other industry relevant domain names, the rights to which have all now been assigned to Plaintiffs.   Peter Stephens, on behalf of the Old Corporations and Plaintiffs, entrusted the Credit Cards to Mobile for the specific purposes referenced above and for Mobile to comply with its obligations under the Agreement and to no other.

27.   Upon receipt of the Credit Cards, Mobile intentionally, willfully and unlawfully purchased and registered one hundred and seventeen (117) domain names (the "Domain Names") in Mobile Motion's own name (instead of the Old Corporations and/or Plaintiffs)which were lawfully to be registered to Plaintiffs in breach of the Agreement. On information and belief, since 2003, Mobile (in addition to the unlawful transfers to third parties as set forth below), in breach of the Agreement, willfully and intentionally renewed and re-registered the Domain Names annually in Mobile Motion's name, thereby depriving Plaintiffs of their contractual rights to register the Domain Names under the Agreement.  A list of the Domain Names that Mobile purchased with the Old Corporations' Credit Cards is attached and identified within Exhibit B to the Complaint and is hereby incorporated by this reference.

28.   In addition to purchasing the Domain Names, Mobile also used the Credit Cards to intentionally, willfully and unlawfully open various Google AdWord ("AdWord") Pay-Per-Click accounts and various Microsoft AdCenter ("AdCenter") Pay-Per-Click accounts in the name of Mobile Motion (instead of the Old Corporations and/or Plaintiffs) for the purported benefit of Plaintiffs.  Since demanding access to the AdWord and AdCenter accounts on and after September of 2010, Mobile have denied Plaintiffs' access and use of the AdWord and AdCenter accounts and Pay-Per-Click keywords in breach of the Agreement.  A

1   schedule of the AdWord and AdCenter accounts that Mobile improperly registered

2   in Mobile Motion's name and the Credit Cards that were used to register and

3   purchase keywords and Pay-Per-Click services under such accounts are attached to

4   the Complaint as Exhibit C and Exhibit D, respectively.

5       29.     In addition to Mobiles' unlawful purchases above, on information and

6   belief, Mobile used the Credit Cards for personal and business expenses unrelated

7   to Mobiles' obligations under the Agreement.  In fact, on information and belief,

8   Plaintiff's believe that Mobile has used the Credit Cards for purchases of goods

9   and services unrelated to Agreement.

10      30.     On or around September of 2010, Plaintiffs discovered that Mobile

11  had registered and continued to renew the Domain Names in Mobile Motion's

12  name and that the AdWord and AdCenter accounts were set up in the name of

13  Mobile Motion and not Plaintiffs.  Since discovery of this fact, Plaintiffs have

14  demanded and continue to demand the immediate transfer of the registration of the

15  Domain Names and access and use to the Google Ad Words and Microsoft

16  AdCenter accounts (which contain the Pay-Per-Click keyword terms) to Global

17  Distribution Services, Inc.; and Mobile has continually and consistently failed and

18  refused, and continue to fail and refuse, to return the property rights to Plaintiffs in

19  breach of the Agreement.

20      31.     Upon information and belief, Mobile Motion willfully and improperly

21  transferred the following domains names to E DATING, for the sole purpose of

22  transferring the right to register the domain names to a third party to prevent

23  Plaintiffs from obtaining the right to register the domains:

24          a. overheadgaragedoors.com

25          b. fortworthoverheaddoors.com

26          c. atlanta-garage-door-repair.com

27          d. bouldergaragedoorrepair.com

28          e. denvergaragedoorrepair.com

COHEN AND
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

10

COMPLAINT

f. garagedoorrepairfortworth.com

g. irvine-garage-door-repair.com

h. minneapolis-garage-door-repair.com

i. orangecounty-garage-door-repair.com

j. orlando-garage-door-repair.com

k. phoenix-garage-door-repair.com

l. garagedoorrepairstpaul.com

m. sandiego-garage-door-repair.com

n. sanantoniogaragedoorrepair.com

o. seattlegaragedoorrepair.com

p. sanjosegaragedoorrepair.com

q. tampagaragedoorrepair.com

((a)-(q) shall hereinafter be referred to as the "E DATING Domains")

32.     Upon information and belief, in a further attempt to hide the true registrant of the Domain Names from Plaintiffs to prevent Plaintiffs from recovering its right to register the Domain Names, Mobile and E DATING willfully registered domains (c)-(q) (the "Private E DATING Domains"), as identified in paragraph 30, with a private registration, through a third company named Contactprivacy.com, which is believed to be a reseller and private registration company owned and/or affiliated with Tucows.   The private registration is intended to keep the details of the registrant of a domain name private and instead name the private registration company as the registrant (i.e., Contactprivacy.com).

33.     Although Contactprivacy.com is currently named as the registrant for each of the Private E DATING Domains, on information and belief from conducting a WHOIS search on www.networksolutions.com/whois-search, Plaintiffs believe that the true registrant of each of the Private E DATING Domains is E DATING.  Particularly, because the contact addresses for the

1  registrant with respect to each of the Private E DATING Domains is the business

2  address for E DATING.

3      34.     Upon further information and belief Mobile also willfully and

4  intentionally procured a private registration company named Domains By Proxy,

5  Inc. to hide the registrant information for some of the Domain Names.   These

6  domains are identified as follows: (1) sacramento-garage-door.com; (2) charlotte-

7  garage-door.com; (3) dallas-garage-doors.com; (4) houston-garage-door.com; (5)

8  sanantonio-garage-door.com;   (6)   atlanta-garage-door.com;   (7)   austin-garage-

9  door.com;   (8)   boston-garage-door.com;   (9)   columbusgaragedoor.com;   (10)

10 lasvegas-garage-door.com; (11) losangeles-garage-door.com;

11 (12) louisvillegaragedoor.com; (13) miami-garagedoors.com;

12 (14)   milwaukee-garage-doors.com;   (15)   minneapolis-garage-door.com;   (16)

13 omaha-garage-door.com; (17) orlando-garage-door.com; (18) philadelphia-garage-

14 door.com;   (19)   phoenix-garage-door.com;   (20)   renogaragedoor.com;   (21)

15 sacramento-garage-door.com;   (22)   sanantonio-garage-door.com;   (23)   sanjose-

16 garage-door.com (collectively, the "Other Private Domains.")   Upon information

17 and belief, Plaintiffs believe that the current registrant of each of the Other Private

18 Domains is Mobile.

19      35.     At the time of the registration of the Domain Names (as set forth in

20 paragraph 27), (as set forth in paragraph 30) the transfer of the registration of the E

21 DATING Domains, (as set forth in paragraph 31) the transfer of the registration of

22 the Private E DATING Domains to Contactprivacy.com (as set forth in paragraph

23 31) and the (as set forth in paragraph 33) transfer of the Other Private Domains to

24 Domains By Proxy, Inc. (as set forth in paragraph 33), E DATING and Mobile

25 knew Plaintiffs were the owners of the rights to register the Domain Names, E

26 DATING Domains, Private E DATING Domains and Other Private Domains.

27 Despite such knowledge, E DATING and Mobile registered the Domain Names, E

28 DATING Domains, Private E DATING Domains and Other Private Domains for

1   Mobiles' and E DATING's use with willful disregard for the rights of Plaintiffs

2   and with the intent to defraud Plaintiffs.  In fact, on information and belief, E

3   DATING is an affiliated entity of Mobile Motion and the corporate structure and

4   ownership between the parties are so identical that each entities' interests are

5   aligned.

6       36.      Prior to discovering Mobile' conduct, Plaintiffs relied on the

7   representations of Mobile and had no grounds for suspicion that Mobile would

8   misappropriate the Domain Names, AdWord account and AdCenter account as a

9   result of the Agreement between the parties and the trust relationship established

10   arising from Mobiles' use of the Credit Cards.  As a result, Plaintiffs were never

11   aware of any facts that made Plaintiff suspicious of the veracity of the Mobiles'

12   representations until on or about September of 2010, when the Plaintiffs were

13   forced to determine the facts set forth above as a result of a pending litigation

14   matter in Atlanta and San Diego related to the Domain Names, AdCenter and

15   AdWord accounts.

16                   **FIRST CAUSE OF ACTION**

17    **(Violation of Anti-Cybersquatting Protection Act 15 U.S.C. § 1125(d)**

18           **against Mobile Motion, Inc., Doron Kim and Does 1-10)**

19       37.      Plaintiffs hereby incorporate by reference and reallege each and every

20   allegation of Paragraphs 1 through 36 above.

21       38.      In registering and renewing annually the Domain Names in Mobile

22   Motion's name and using the Domain Names from the date of the Agreement until

23   present, the Mobile willfully and intentionally misrepresented the true owner of the

24   Domain Names, with bad faith intent and with the objective of withholding the

25   Domain Names from Plaintiffs so that they could profit from the Domain Names.

26   Particularly, Mobile registered the Domain Names for the sole purpose of

27   preventing Plaintiffs from seeking other vendors to market its website, thereby

28   allowing Mobile to obtain a superior bargaining position and additional profits

COHEN AND
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

COMPLAINT

1   under the Agreement.  On information and belief, Mobile further registered the

2   Domain Names with the bad faith intent to sell and/or exchange the Domain

3   Names with Plaintiffs after the Agreement was terminated.

4        39.    Furthermore, on information and belief, the marks contained within

5   the Domain Names that are currently in use by Plaintiffs, are famous and widely

6   recognized by the general consuming public of the United States as a designation

7   of the source of the goods and services of Plaintiffs' garage door services business.

8        40.    Mobiles' conduct entitles Plaintiffs to an order forfeiting Mobiles'

9   right to the Domain Names and an order transferring the Domain Names to

10   Plaintiffs, as well as any damages in an amount to be proved at trial.

11                    **SECOND CAUSE OF ACTION**

12                    **(Breach of Oral Contract**

13        **against Mobile Motion, Inc., Doron Kim and Does 1-10)**

14        41.    Plaintiffs hereby incorporate by reference and reallege each and every

15   allegation of Paragraphs 1 through 36 above.

16        42.    On or about September 2003, the Old Corporations and Mobile

17   entered into the Agreement.  In or about July 1, 2008, the Old Corporations and

18   Plaintiffs entered into the Assignments wherein the Old Corporations assigned all

19   of their assets and contractual rights and obligations to Plaintiffs.

20        43.    Plaintiffs have performed all conditions, covenants, and promises

21   required on its part to be performed in accordance with the terms and conditions of

22   the Agreement, except those that were excused because of Mobiles' defaults under

23   the Agreement and common law.

24        44.    Mobile breached the Agreement multiple times as follows:

25        (1) Mobile intentionally, unlawfully and willfully registered the

26   Domain Names to Mobile Motion, Inc., which were required to be registered

27   to Plaintiffs under the Agreement;

28        (2) Since 2003, Mobile (unless such Domain Names were transferred

to a third party as set forth below), willfully and intentionally breached the Agreement annually until present by renewing and re-registering the Domain Names in Mobile Motion's name, thereby annually depriving Plaintiffs of their contractual rights under the Agreement;

(3) Mobile has used Plaintiffs' Credit Cards for a use other than the Internet Services;

(4) Mobile intentionally, willfully and unlawfully opened various AdWord and AdCenter accounts in Mobile Motion's name, thereby depriving Plaintiffs of access and use of the AdWord and AdCenter accounts and the Pay-Per-Click keywords, therein daily in breach of the Agreement;

(5) Since September of 2010, Mobile has denied, and continue to deny, Plaintiffs access to the AdWord and AdCenter accounts and have failed to transfer the Domain Names, AdWord and AdCenter accounts despite repeated demands by Plaintiffs in breach of the Agreement.

45. As a result of Mobiles' various breaches of the Agreement, Plaintiffs have sustained damages in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

### (Breach of Implied-In-Fact Contract

### against Mobile Motion, Inc., Doron Kim and Does 1-10)

46. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 36 and Paragraphs 41 through 45 above.

47. Based on the conduct and relationship between the parties as set forth above, as well as the events alleged herein, an implied-in-fact contract has been created between Plaintiffs and Mobile.

48. Plaintiffs have performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the implied-in-fact contract, except those that were excused because of Mobiles' defaults under the Agreement and common law.

COHEN AND
RICHARDSON, PC
L SEGUNDO, CALIFORNIA

15

COMPLAINT

1    49.    Mobile has breached the implied-in-fact contract multiple times as

2    more particularly described in paragraph 44 above.

3    50.    As a result of Mobiles' various breaches of the Agreement, Plaintiffs

4    have sustained damages in an amount according to proof at trial.

5    ### FOURTH CAUSE OF ACTION

6    ### (Breach of Implied Covenant of Good Faith and Fair Dealing

7    ### against Mobile Motion, Inc., Doron Kim and Does 1-10)

8    51.    Plaintiffs hereby incorporate by reference and reallege each and every

9    allegation of Paragraphs 1 through 36 and Paragraphs 41 through 45 above.

10    52.    In addition to the various breaches identified above, Mobile has also

11    breached the implied-in-fact contract and an implied promise under the Agreement

12    by (1) unfairly interfering with Plaintiffs right to register the Domain Names and

13    (2) unfairly interfering with Plaintiffs right and use of intellectual property,

14    including access and use to the Adwords and Adcenter accounts in breach of the

15    parties implied promise of Good Faith and Fair Dealing.  By registering the

16    Domain Names in Mobile name and setting up the Adword and Adcenter accounts

17    in Mobile name, Mobile benefitted at severe damage to Plaintiffs.

18    53.    As a result of Mobiles' various breaches of the Agreement, Plaintiffs

19    have sustained damages in an amount according to proof at trial.

20    ### FIFTH CAUSE OF ACTION

21    ### (Conversion against all Defendants)

22    54.    Plaintiffs hereby incorporate by reference and reallege each and every

23    allegation of Paragraphs 1 through 36 above.

24    55.    At all times herein mentioned since the date the Domain Names were

25    registered, including the E DATING Domains, Private E DATING Domains and

26    Other Private Domains (collectively, the "Domain Names"), and since the date the

27    AdCenter and AdWord accounts were opened and formed, Plaintiffs were, and still

28    are, entitled to the ownership of the right to register the Domain Names and right

1  to access the AdCenter and Adword accounts; including ownership of the
2  intellectual property, including the Pay-Per-Click Key Words contained within the
3  AdWord and AdCenter accounts.

4      56.    Despite Plaintiffs' right to ownership and access, on or about
5  September, of 2003, Mobile unilaterally registered the Domain Names and opened
6  the AdCenter and AdWord accounts in Mobile Motion's name without Plaintiffs'
7  authority thereby converting the same to Mobiles' use.  Mobile thereafter annually
8  renewed the Domain Names in the name of Mobile Motion as registrant to
9  continue such use.

10      57.    Furthermore, after learning that Plaintiffs were demanding the right to
11  register the Domains and/or in anticipation of such demand, Mobile unilaterally
12  transferred the E DATING Domains, including the Private E DATING Domains to
13  E DATING thereby converting the same to E DATING's use.

14      58.    At the time Mobile and E DATING converted the property, Mobile
15  and E DATING were guilty of malice, oppression, and a willful and conscious
16  disregard for the rights of Plaintiffs in that Mobile and E DATING  converted the
17  property with reckless indifference and willful and conscious disregard for the
18  rights of Plaintiffs when the conversion occurred because each party know that
19  Plaintiffs were owners of the right to register the Domain Names.

20      59.    Further, after knowledge and notice of Plaintiffs' interest in the
21  converted property was given to Mobile and E DATING, Mobile and E DATING
22  failed and refused, and continue to fail and refuse, to transfer the Domain Names.
23  Mobile has further refused to transfer the AdWord and AdCenter accounts,
24  including the Pay-Per-Click key words for such accounts to Plaintiffs.  By reason
25  of these acts Plaintiffs have been oppressed and seek punitive and exemplary
26  damages.

27      60.    No adequate remedy exists at law for the injuries suffered by
28  Plaintiffs herein, insofar as further harm will result to Plaintiffs from the Mobiles'

COHEN AND
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

17

COMPLAINT

1  and E DATING's wrongful act of conversion absent injunctive relief.  If this Court

2  does not grant injunctive relief of the type and for the purpose specified herein,

3  Plaintiff will suffer irreparable injury.  Therefore, Plaintiff requests the following

4  injunctive relief:  an Order transferring the Domain Names and the AdCenter and

5  AdWord accounts to Global Distribution Services, Inc.

## FIFTH CAUSE OF ACTION

### (Fraud – Intentional Misrepresentation

### against Mobile Motion, Inc., Doron Kim and Does 1-10)

9       61.    Plaintiffs hereby incorporate by reference and reallege each and every

10  allegation of Paragraphs 1 through 36 and Paragraphs 57, 58 and 59 above.

11       62.    On or about September of 2003, Mobile represented to Plaintiffs

12  through Kim on the date the parties entered into the Agreement and in exchange

13  for the Credit Cards that Mobile would (1) register the Domain Names in the name

14  of Global Distribution Services, Inc. and/or its predecessors-in-interest, (2)

15  establish and maintain the AdWord accounts in the name of Global Distribution

16  Services, Inc., (3) establish and maintain the AdCenter accounts in the name of

17  Global Distribution Services, Inc.,(4) would at all time be the account information

18  in connection with the AdWords and AdCenter accounts, including all key words,

19  intellectual property and financial data contained within such accounts; and (5) use

20  the Credit Cards for the sole benefit of Plaintiffs under the Agreement.

21       63.    When Mobile made the representations, Mobile knew them to be false

22  and made the representations with the intention to deceive and defraud the

23  Plaintiffs and to induce the Plaintiffs to act in reliance of his representations in the

24  matters herein alleged above, or with the expectation that the Plaintiffs would do

25  so act.

26       64.    Plaintiffs, at the time these representations were made by the Mobile

27  and at the time the Plaintiffs took the actions herein alleged, were ignorant of the

28  falsity of the Mobiles' representations and believed them to be true.  In reliance on

COHEN AND
ICHARDSON, PC
SEGUNDO, CALIFORNIA

18

these representations, Plaintiffs were induced to and did enter into the Agreement with Mobile and provided Mobile with Plaintiffs' Credit Cards in order to purchase the Domain Names and obtain the AdCenter and AdWord accounts, with the right to purchase Pay-Per-Click key words.  Had Plaintiffs known that Mobile was intentionally going to misappropriate the right to register the Domain Names and ownership of the AdCenter and AdWord accounts, Plaintiffs would not have taken such actions.  Plaintiffs' reliance on the Mobiles' representations was justified because Mobile had contractual obligations under the Agreement, including an implied obligation of good faith and fair dealing and were entrusted with Plaintiffs' Credit Cards, creating a trust relationship.

65.    As a proximate result of the fraudulent conduct of Mobile as alleged herein, Plaintiffs have been unable to access the Domain Names and the AdCenter and AdWord accounts for its business use, which is essential to Plaintiffs' marketing, business model and brand, by reason of which Plaintiffs have been damaged in an amount to be determined according to proof at trial.

66.    The aforementioned conduct of Mobile was an intentional misrepresentation, deceit, or concealment of a material fact known to the Mobile with the intention of the part of Mobile of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray for judgment and other relief against Mobile and E Dating jointly and severally, as follows:

**As to the First Cause of Action:**

1. An award of injunctive relief in the form of an Order transferring the registration of the Domain Names to Global Distribution Services, Inc., making GDS the registrant of the Domain Names;

COHEN AND
RICHARDSON, PC
L SIGUNDO, CALIFORNIA

19

COMPLAINT

2. Actual, incidental and consequential damages, including lost profits, loss of use, annoyance, and inconvenience OR statutory damages not less than $1,000.00 and not more than $100,000.00 per domain name as the Court considers just, pursuant to 15 U.S.C. § 1117; and

3. For such other and further relief that the Court finds just and equitable.

**As to the Second Cause of Action:**

1. For general damages in an amount according to proof at trial;

2. For consequential damages in an amount according to proof at trial; and

3. For such other and further relief that the Court finds just and equitable.

**As to the Third Cause of Action:**

1. For general damages in an amount according to proof at trial;

2. For consequential damages in an amount according to proof at trial; and

3. For such other and further relief that the Court finds just and equitable.

**As to the Fourth Cause of Action:**

1. For general damages in an amount according to proof at trial;

2. For consequential damages in an amount according to proof at trial; and

3. For such other and further relief that the Court finds just and equitable.

**As to the Fifth Cause of Action:**

1. An award of injunctive relief in the form of an Order transferring the Domain Names, and the AdCenter and the AdWord accounts to Global Distribution Services, Inc., including access to all Pay-Per-Click key words under the AdCenter and AdWord accounts to Plaintiffs;

2. For damages of the proximate and foreseeable loss resulting from Mobiles' and E Dating's conversion in an amount according to proof at trial;

3. For damages for the time and money properly expended in pursuit of the converted property in an amount according to proof at trial;

4. For punitive and exemplary damages; and

5. For such other and further relief as the Court may deem proper.

**As to the Sixth Cause of Action:**

1. For general damages in an amount according to proof at trial;

2. For special damages, including lost profits, loss of use, annoyance and inconvenience in a sum according to proof at trial;

3. For punitive damages in an amount appropriate to punish the Mobile and E Dating and to deter others from engaging in similar misconduct; and

4. For such other and further relief as the Court deems proper.

**As to All Causes of Action**

1. For a temporary restraining order, preliminary injunction and permanent injunction against Mobile and E DATING ordering the transfer of the Domain Names, AdCenter accounts and the AdWord accounts to Global Distribution Services, Inc., including access to all Pay-Per-Click key words under the AdCenter and AdWord accounts to Plaintiffs; OR, in the alternative an order enjoining Mobile and E DATING from (1) accessing, transferring and/or otherwise making changes to the Domain Names and the domain names settings; (2) accessing, transferring and/or otherwise making changes to the AdWord and AdCenter accounts, including the Pay-Per-Click key words contained therein.

///
///
///
///
///
///
///
///
///

COHEN AND
CHARDSON, PC
EL SEGUNDO, CALIFORNIA

21

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure section 38, Plaintiff hereby demands a trial by jury on its claims.

DATED:  March 7, 2011

COHEN & RICHARDSON, PC

JEFFREY M. COHEN, [State Bar 149615]
jcohen@corichlaw.com
ERIK S. VELIE, [State Bar 252446]
evelie@corichlaw.com
COHEN & RICHARDSON, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, CA  90245-4911
Telephone: (310) 469-9600
Fax: (310) 469-9610
Attorneys for: Global Development Strategies, Inc. and Global Distribution Services, Inc.

**EXHIBIT A**

Assignment
A AAA Allstate Overhead Garage Door, Inc. to Global Development Strategies, Inc.
July 1, 2008

A AAA Allstate Overhead Garage Door, Inc., a Florida corporation ("Transferor"), hereby assigns and transfers to Global Development Strategies, Inc., a Nevada corporation ("Transferee"), all of Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible), and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:                                    A AAA Allstate Overhead Garage Door, Inc.,
                                               a Florida corporation

                                               By: _____
                                                   Peter Stephens, President


Transferee:                                    Global Development Strategies, Inc.,
                                               a Nevada corporation

                                               By _____
                                                   Marlene Stephens, President

Assignment
A ASAP Overhead Doors, Inc. to Global Development Strategies, Inc.
July 1, 2008

A ASAP Overhead Doors, Inc., a Washington corporation ("Transferor"), hereby assigns and transfers to Global Development Strategies, Inc., a Nevada corporation ("Transferee"), all of Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible), and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:

A ASAP Overhead Doors, Inc.,
a Washington corporation

By: _____

Peter Stephens, President

Transferee:

Global Development Strategies, Inc.,
a Nevada corporation

By _____

Marlene Stephens, President

Assignment
America's Alliance Overhead Door Corporation to Global Distribution Services, Inc.
July 1, 2008

America's Alliance Overhead Door Corporation, a Texas corporation ("Transferor"), hereby assigns and transfers to Global Distribution Services, Inc., a Nevada corporation ("Transferee"), all of Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible), and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:

America's Alliance Overhead Door Corporation,
a Texas corporation

By: _____
Peter Stephens, President

Transferee:

Global Distribution Services, Inc.,
a Nevada corporation

By: _____
Marlene Stephens, President

P:00604046:14865:006
3 to 8

Assignment

America's Choice Garage Door Service-MN, Inc. to Global Distribution Services, Inc.

July 1, 2008

America's Choice Garage Door Service-MN, Inc., an Arizona corporation ("Transferor"), hereby assigns and transfers to Global Distribution Services, Inc., a Nevada corporation ("Transferee"), all of Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible), and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:

America's Choice Garage Door Service-MN, Inc., an Arizona corporation

By _____

Peter Stephens, President

Transferee:

Global Distribution Services, Inc., a Nevada corporation

By _____

Marlene Stephens, President

P:\006\04042.14A\5.007
4 to 8

Assignment
America's Choice, Inc. to Global Development Strategies, Inc.
July 1, 2008

America's Choice, Inc., a California corporation ("Transferor"), hereby assigns and transfers to Global Development Strategies, Inc., a Nevada corporation ("Transferee"), all of Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible), and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:                            America's Choice, Inc.,
                                       a California corporation

                                       By: _____
                                       Peter Stephens, President

Transferee:                            Global Development Strategies, Inc.,
                                       a Nevada corporation

                                       By: _____
                                       Marlene Stephens, President

Assignment
Garage Door Service Company, Inc. to Global Development Strategies, Inc.
July 1, 2008

Garage Door Service Company, Inc., a Florida corporation ("Transferor"), hereby assigns and
transfers to Global Development Strategies, Inc., a Nevada corporation ("Transferee"), all of
Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible),
and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:                          Garage Door Service Company, Inc.,
                                     a Florida corporation

                                     By: _____
                                         Peter Stephens, President

Transferee:                          Global Development Strategies, Inc.,
                                     a Nevada corporation

                                     By _____
                                        Marlene Stephens, President

P:00604040:14A65.009
6 to 9

Assignment
Overhead Garage Door Services, Inc. to Global Distribution Services, Inc.
July 1, 2008

Overhead Garage Door Services, Inc., a Florida corporation ("Transferor"), hereby assigns and transfers to Global Distribution Services, Inc., a Nevada corporation ("Transferee"), all of Transferor's right, title and interest in and to all of Transferor's assets (both tangible and intangible), and Transferee hereby accepts all of such assets and assumes all of Transferor's liabilities.

Transferor:                                 Overhead Garage Door Services, Inc.,
                                            an Florida corporation

                                            By: _____
                                            Peter Stephens, President

Transferee:                                 Global Distribution Services, Inc.,
                                            a Nevada corporation

                                            By _____
                                            Marlene Stephens, President

P:00604945:14A65:010
7 to 8

**EXHIBIT B**

| Domain Name | Type |
| --- | --- |
| ATLANTAOVERHEADDOOR.COM | Already Transferred |
| BOULDEROVERHEADDOORS.COM | Primary |
| CHARLOTTEOVERHEADDOORS.COM | Primary |
| CHICAGOGARAGEDOORS.COM | Primary |
| DALLASOVERHEADDOOR.COM | Primary |
| DAYTONABEACHOVERHEADDOORS.COM | Primary |
| DENVEROVERHEADDOORS.COM | Primary |
| FORTWORTHOVERHEADDOORS.COM | Primary |
| HOUSTONGARAGEDOOR.COM | Primary |
| JACKSONVILLEOVERHEADDOORS.COM | Primary |
| LASVEGASOVERHEADDOORS.COM | Primary |
| LONGBEACHOVERHEADDOORS.COM | Primary |
| ORANGECOUNTYOVERHEADDOORS.COM | Primary |
| ORLANDOOVERHEADDOORS.COM | Primary |
| PHOENIXOVERHEADDOORS.COM | Primary |
| SACRAMENTOOVERHEADDOORS.COM | Primary |
| SANANTONIOOVERHEADDOORS.COM | Primary |
| SANDIEGOOVERHEADDOORS.COM | Primary |
| SANJOSEOVERHEADDOORS.COM | Primary |
| SEATTLEOVERHEADDOORS.COM | Primary |
| TAMPAOVERHEADDOORS.COM | Primary |
| TWINCITYGARAGEDOORS.COM | Primary |
| GARAGEDOORSATLANTA.COM | Redirect |
| GARAGEDOORSDALLAS.COM | Redirect |
| GARAGEDOORSDENVER.COM | Redirect |
| GARAGEDOORSJACKSONVILLE.COM | Redirect |
| GARAGEDOORSLASVEGAS.COM | Redirect |
| GARAGEDOORSORANGECOUNTY.COM | Redirect |
| GARAGEDOORSORLANDO.COM | Redirect |
| GARAGEDOORSPHOENIX.COM | Redirect |
| GARAGEDOORSSANANTONIO.COM | Redirect |
| GARAGEDOORSSANDIEGO.COM | Redirect |
| GARAGEDOORSSEATTLE.COM | Redirect |
| GARAGEDOORSTAMPA.COM | Redirect |
| JACKSONVILLEGARAGEDOORS.COM | Redirect |
| MINNEAPOLISGARAGEDOORS.COM | Redirect |
| MINNEAPOLISOVERHEADDOORS.COM | Redirect |
| ORANGECOUNTYOVERHEADDOOR.COM | Redirect |
| ORLANDOGARAGEDOORS.COM | Redirect |
| PHOENIXGARAGEDOORS.COM | Redirect |
| SAINTPAULGARAGEDOORS.COM | Redirect |
| SANANTONIOGARAGEDOOR.COM | Redirect |
| SANANTONIOOVERHEADDOOR.COM | Redirect |
| SANDIEGOOVERHEADDOOR.COM | Redirect |
| SANJOSEOVERHEADDOOR.COM | Redirect |

| | |
|---|---|
| SEATTLEGARAGEDOORS.COM | Redirect |
| SEATTLEOVERHEADDOOR.COM | Redirect |
| STPAULGARAGEDOORS.COM | Redirect |
| TAMPAGARAGEDOORS.COM | Redirect |
| atlanta-garage-door-repair.com | Repair |
| austin-garage-door-repair.com | Repair |
| bostongaragedoorrepair.com | Repair |
| bouldergaragedoorrepair.com | Repair |
| charlottegaragedoorrepair.com | Repair |
| dallas-garage-door-repair.com | Repair |
| denvergaragedoorrepair.com | Repair |
| detroitgaragedoorrepair.com | Repair |
| garagedoorrepairfortworth.com | Repair |
| garagedoorrepairomaha.com | Repair |
| garagedoorrepairstpaul.com | Repair |
| houston-garage-door-repair.com | Repair |
| irvine-garage-door-repair.com | Repair |
| minneapolis-garage-door-repair.com | Repair |
| neworleansgaragedoorrepair.com | Repair |
| orangecounty-garage-door-repair.com | Repair |
| orlando-garage-door-repair.com | Repair |
| OverheadGaragedoors.com | Repair |
| philadelphiagaragedoorrepair.com | Repair |
| phoenix-garage-door-repair.com | Repair |
| pittsburghgaragedoorrepair.com | Repair |
| portlandgaragedoorrepair.com | Repair |
| renogaragedoorrepair.com | Repair |
| richmondgaragedoorrepair.com | Repair |
| sacramentogaragedoorrepair.com | Repair |
| sanantoniogaragedoorrepair.com | Repair |
| sanbernardinogaragedoorrepair.com | Repair |
| sandiego-garage-door-repair.com | Repair |
| sanfranciscogaragedoorrepair.com | Repair |
| sanjosegaragedoorrepair.com | Repair |
| seattlegaragedoorrepair.com | Repair |
| stlouisgaragedoorrepair.com | Repair |
| tampagaragedoorrepair.com | Repair |
| tucson-garage-door-repair.com | Repair |
| AMERICASCHOICEDOORS.COM | Secondary |
| ATLANTAOVERHEADDOORS.COM | Secondary |
| DALLASOVERHEADDOORS.COM | Secondary |
| DENVERGARAGEDOORS.COM | Secondary |
| FIRSTCHOICEGARAGEDOORS.COM | Secondary |
| GARAGEDOORMASTERS.COM | Secondary |
| GARAGEDOORPROFESSIONALS.COM | Secondary |
| HOUSTONOVERHEADDOORS.COM | Secondary |
| JUSTGARAGEDOORREMOTES.COM | Secondary |

| | |
|---|---|
| JUSTGARAGEDOORS.COM | Secondary |
| LongBeachGarageDoors.com | Secondary |
| ORANGECOUNTYGARAGEDOORS.COM | Secondary |
| SANDIEGOGARAGEDOOR.COM | Secondary |
| atlanta-garage-door.com | Seyego |
| austin-garage-door.com | Seyego |
| boston-garage-door.com | Seyego |
| charlotte-garage-door.com | Seyego |
| columbusgaragedoor.com | Seyego |
| dallas-garage-doors.com | Seyego |
| houston-garage-door.com | Seyego |
| lasvegas-garage-door.com | Seyego |
| losangeles-garage-door.com | Seyego |
| louisvillegaragedoor.com | Seyego |
| miami-garagedoors.com | Seyego |
| milwaukee-garage-door.com | Seyego |
| minneapolis-garage-door.com | Seyego |
| omaha-garage-door.com | Seyego |
| orlando-garage-door.com | Seyego |
| philadelphia-garage-door.com | Seyego |
| phoenix-garage-door.com | Seyego |
| renogaragedoor.com | Seyego |
| sacramento-garage-door.com | Seyego |
| sanantonio-garage-door.com | Seyego |
| sanjose-garage-door.com | Seyego |
| seattle-garage-door.com | Seyego |

# EXHIBIT C

GOOGLE ADWORDS

| LOCATION | CLIENT ID | MANAGER ID | LAST CHANGE AMOUNT & DATE | CARD ISSUER | NAME ON CARD | LAST FOUR DIGITS | EXP. DATE | COMPANY NAME | BILLING ADDRESS | URL | KEYWORDS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FORT WORTH / DALLAS | 833-345-3725 | 201-724-3468 | $756.51 - 12/2/10 | VISA | PETER J. STEPHENS | 7398 | 07/2011 | FORT WORTH OVERHEAD DOORS | PO BOX 13067 SAN DIEGO, CA 92175 | fortworthoverheaddoors.com & dallasoverheaddoor.com | Garage door service, Garage door |
| ATLANTA | 879-562-2978 | 201-724-3489 | $647.13 - 12/21/10 | AMEX | PETER J. STEPHENS | 1007 | 04/2014 | ATLANTA | PO BOX 13067 SAN DIEGO, CA 92176 | atlantaoverheaddoor.com | repair, New garage door, Garage door |
| HOUSTON | 534-761-7308 | 201-724-3690 | $571.44 - 12/21/10 | AMEX | PETER J. STEPHENS | 2003 | 12/2013 | HOUSTON | PO BOX 13067 SAN DIEGO, CA 92177 | houstongaragedoor.com | installation, Broken Springs, Opener, |
| SAN ANTONIO | 850-250-9758 | 201-724-3491 | $500.66 - 12/7/10 | VISA | PETER J. STEPHENS | 1112 | 02/2014 | SAN ANTONIO | PO BOX 13067 SAN DIEGO, CA 92178 | sanantoniooverheaddoors.com | Liftmaster, Overhead garage door, |
| CHARLOTTE | 530-396-4233 | 201-724-3692 | $609.59 - 11/26/10 | VISA | PETER J. STEPHENS | 1781 | 07/2011 | CHARLOTTE GARAGE DOORS | PO BOX 13067 SAN DIEGO, CA 92179 | charlotteoverheaddoors.com | Garage door motor, Garage door |
| MINNEAPOLIS / ST. PAUL | 747-344-5504 | 201-724-3693 | $543.29 - 12/21/10 | AMEX | PETER J. STEPHENS | 1048 | 10/2011 | MINNEAPOLIS / ST. PAUL | PO BOX 13067 SAN DIEGO, CA 92180 | twincitiesgaragedoors.com | keypad, sectional, Safety eyes, Garage |
| BOULDER | 376-134-8321 | 201-724-3694 | $603.89 - 03/11/09 | AMEX | PETER J. STEPHENS | 2004 | 06/2020 | BOULDER | PO BOX 13067 SAN DIEGO, CA 92181 | boulderoverheaddoor.com | door remote |
| DENVER / BOULDER | 511-045-6148 | 201-724-3695 | $554.19 - 12/21/10 | AMEX | PETER J. STEPHENS | 3602 | 06/2013 | DENVER / BOULDER | PO BOX 13067 SAN DIEGO, CA 92181 | denveroverheaddoors.com | |
| LONG BEACH | 624-664-2578 | 201-724-3696 | $328.56 - 11/23/10 | AMEX | PETER J. STEPHENS | 2067 | 03/2011 | LONG BEACH | PO BOX 13067 SAN DIEGO, CA 92182 | longbeachoverheaddoors.com | |
| ORANGE COUNTY | 230-995-6808 | 201-724-3697 | $328.56 - 11/23/10 | AMEX | PETER J. STEPHENS | 2067 | 03/2011 | ORANGE COUNTY | PO BOX 13067 SAN DIEGO, CA 92183 | orangecountyoverheaddoors.com | |
| PHOENIX | 997-961-1636 | 201-724-3698 | $514.24 - 12/9/10 | AMEX | PETER J. STEPHENS | 3602 | 06/2013 | PHOENIX | PO BOX 13067 SAN DIEGO, CA 92184 | phoenixoverheaddoor.com | |
| SACRAMENTO | 703-277-3764 | 201-724-3699 | $543.15 - 12/9/10 | AMEX | PETER J. STEPHENS | 1947 | 03/2011 | SACRAMENTO | PO BOX 13067 SAN DIEGO, CA 92185 | sacramentooverheaddoors.com | |
| SAN DIEGO | 245-611-3518 | 201-724-3700 | $338.01 - 12/1/10 | VISA | PETER J. STEPHENS | 2810 | 07/2011 | SAN DIEGO | PO BOX 13067 SAN DIEGO, CA 92186 | sandiegooverheaddoors.com | |
| SEATTLE | 467-136-6338 | 201-724-3701 | $530.98 - 12/20/10 | AMEX | PETER J. STEPHENS | 4009 | 03/2015 | SEATTLE | PO BOX 13067 SAN DIEGO, CA 92187 | seattleoverheaddoors.com | |
| SAN JOSE | 245-246-7347 | 201-724-3702 | $552.39 - 12/20/10 | VISA | PETER J. STEPHENS | 7370 | 09/2012 | SAN JOSE | PO BOX 13067 SAN DIEGO, CA 92189 | sanjoseoverheaddoors.com | |
| TAMPA / ORLANDO | 654-241-1668 | 201-724-3703 | $552.34 12/21/10 | VISA | SHERI ALSAADI | 1212 | 04/2013 | TAMPA / ORLANDO | 9991 ATLANTIC BLVD, #112 JACKSONVILLE, FL 32225 | tampaoverheaddoors.com & orlandooverheaddoor.com | |

Emails Associated with this account: admin@riobuenomotion.com & ale@riobuenomotion.com

Z:\Accounting\Advertising\Internet Marketing Inv\GDS ADWORDS & MICROSOFT AD CENTER.xlsx

**EXHIBIT D**

MICROSOFT AD CENTER

| LOCATION | ACCOUNT | LAST CHARGE AMT. & DATE | CARD ISSUER | LAST 4 DIGITS | EXP. DATE | BILLING ADDRESS | URL | KEYWORDS |
|---|---|---|---|---|---|---|---|---|
| FORT WORTH | 165-505-4708 | $500 - 12/2/2010 | VISA | 7398 | 07/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | fortworthoverheaddoors.com & dallasoverheaddoor.com | |
| ATLANTA | 208-373-9430 | $550 - 12/1/2010 | AMEX | 1007 | 08/2014 | PO BOX 15067 SAN DIEGO, CA 92189 | atlantaoverheaddoors.com | |
| HOUSTON | 180-543-8126 | $1,000 - 5/24/2009 | AMEX | 1005 | Dec-10 | PO BOX 15067 SAN DIEGO, CA 92189 | houstongaragedoor.com | |
| SAN ANTONIO | 200-581-4920 | $300 - 11/24/2010 | Amex | 1112 | 04/2014 | PO BOX 15067 SAN DIEGO, CA 92189 | sanantoniooverheaddoors.com | |
| CHARLOTTE | 212-434-4909 | $400 - 10/5/2010 | VISA | 1781 | 07/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | charlotteoverheaddoors.com | Garage door service, Garage door repair, New garage door, |
| MINNEAPOLIS | 892-644-3660 | $400 - 11/17/2010 | AMEX | 1048 | 10/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | twincitygaragedoors.com | |
| DENVER | 137-680-9149 | $220 - 12/15/2010 | AMEX | 3002 | 06/2013 | PO BOX 15067 SAN DIEGO, CA 92189 | denveroverheaddoors.com | |
| ORANGE COUNTY | 598-915-7800 | $400 - 11/17/2010 | AMEX | 2067 | 03/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | orangecountyoverheaddoors.com | Garage door installation, Broken Springs, Openers, Liftmaster, |
| PHOENIX | 200-795-3544 | $1,000 - 10/1/2010 | VISA | 4548 | 07/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | phoenixoverheaddoors.com | |
| SACRAMENTO | 639-351-3890 | $350 - 11/29/2010 | AMEX | 1047 | 03/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | sacramentooverheaddoors.com | Overhead garage door, Garage door motor, |
| SAN DIEGO | 145-822-1772 | $500 - 11/19/2010 | VISA | 2810 | 07/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | sandiegooverheaddoors.com | Garage door keypad, |
| SEATTLE | 124-663-1922 | $400 - 5/14/2009 | AMEX | 3001 | 03/2011 | PO BOX 15067 SAN DIEGO, CA 92189 | seattleoverheaddoors.com | |
| SAN JOSE | 190-096-4541 | $1,000 - 11/18/2010 | VISA | 7370 | 09/2012 | PO BOX 15067 SAN DIEGO, CA 92189 | sanjoseoverheaddoors.com | Sectional, Safety eyes, Garage door remote, |
| TAMPA | 116-061-0798 | | VISA | 1012 | 04/2013 | 9950 ATLANTIC AVE, #210 JACKSONVILLE, FL 32225 | tampaoverheaddoors.com | |
| ORLANDO | 133-980-2780 | | VISA | 1012 | 04/2013 | 9951 ATLANTIC AVE, #210 JACKSONVILLE, FL 32225 | orlandooverheaddoors.com | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 1966 CAS  (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

JEFFREY A. COHEN [State Bar 149615]
ERIK S. VELIE [State Bar 252446]
COHEN & RICHARDSON, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, California 90245-4911
Telephone: (310) 469-9600

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Global Development Strategies, Inc., a Nevada Corporation; Global Distribution Services, Inc., a Nevada Corporation<br><br>PLAINTIFF(S)<br><br>v. | CASE NUMBER<br><br>CV11-01966 |
|---|---|
| Mobile Motion, Inc., a California Corporation; Doron Kim, an individual, E Dating For Free, Inc., a California Corporation; and DOES 1-10<br><br>DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S): Mobile Motion, Inc., Doron Kim, E Dating For Free, Inc. and DOES 1 through 10

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Cohen & Richardson, PC_____, whose address is _2321 Rosecrans Avenue, Suite 4210, El Segundo, CA 90245_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___MAR - 8 2011_____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*