1  JEFFREY A. COHEN, [State Bar 149615]
   jcohen@corichlaw.com
2  ERIK S. VELIE, [State Bar 252446]
   evelie@corichlaw.com
3  COHEN & RICHARDSON, PC
   2321 Rosecrans Avenue, Suite 4210
4  El Segundo, CA  90245-4911
   Telephone: (310) 469-9600
5  Fax: (310) 469-9610



6  Attorneys for Plaintiffs, Global Development Strategies, Inc. and Global Distribution Services, Inc.
7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| Global Development Strategies, Inc., a Nevada Corporation; Global Distribution, Services, Inc., a Nevada Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> Mobile Motion, Inc., a California Corporation; Doron Kim, an individual, E Dating For Free, Inc., a California Corporation; and DOES 1-10. <br><br> Defendants. | Case No. <br><br> **CV11-01966** CAS(AGRx) <br><br> [PROPOSED] ORDER GRANTING PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE <br><br> [Filed concurrently with; (1) Plaintiff's Ex Parte Application For Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and Memorandum of Points and Authorities in Support Thereof; (2) Certificate of Erik S. Velie; (3) Affidavit of Peter Stephens; and (4) Affidavit of Brandon Campbell; and (5) *Ex Parte* Application for Leave to Take Immediate Discovery Prior to Rule 26(f) Conference ] <br><br> Judge: <br><br> Courtroom: <br><br> Hearing Date: <br><br> Time: |

1

[PROPOSED] ORDER REGARDING LEAVE FOR IMMEDIATE DISCOVERY

COHEN AND
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

1    The Court has read and considered all papers filed in connection with
2    Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery prior to
3    the Rule 26(f) Conference (the "Application").
4    IT IS HEREBY ORDERED that the Application is granted.
5    IT IS FURTHER ORDERED that Global Distribution Services, Inc.
6    ("GDS") and Global Development Strategies, Inc. ("GD")(GDS and GD
7    collectively "Plaintiffs") may serve immediate discovery on (1) Network
8    Solutions, Inc., (2) Google, Inc., (3) Microsoft, (4) Tucows, Inc., (5) Marchex, Inc.,
9    (6) Rackspace, Inc., (7) Seyego, Inc., (8) Domains By Proxy, Inc. and (9)
10   contactprivacy.com (collectively "Third Party Providers") by serving Fed. R. Civ.
11   P. 45 subpoenas, which seek information sufficient to (1) identify the true
12   registrant of each and every domain name that should rightfully be registered to
13   Plaintiffs and (2) to obtain all account information related to accounts which
14   Defendants have improperly denied Plaintiffs' access which it seeks recovery
15   under the Complaint before the same is destroyed by Defendants.
16   If the Third-Party Providers and any subsequent necessary entity served
17   wishes to file a motion to quash the subpoenas or to serve objections, they must do
18   so before the return date of the subpoenas, which shall be no less than twenty-one
19   (21) days from the date of service of the subpoenas. Among other things, the
20   Third-Party Providers may use this time to notify the subscribers in question.
21   The Third-Party Providers and any subsequent necessary entity served shall
22   preserve any subpoenaed information or materials pending compliance with the
23   subpoenas or resolution of any timely objections or motion to quash.
24   IT IS FURTHER ORDERED that Plaintiffs must serve a copy of this order
25   on the Third-Party Providers and any subsequent necessary entity when it serves
26   the subpoenas.
27   IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in
28   response to the Fed. R. Civ. P. 45 subpoenas may be used by Plaintiffs solely for

1  the purpose of protecting Plaintiffs' rights under agreement alleged in the
2  complaint and with respect to its' rights as set forth under 15 U.S.C. 1125(d).
3
4
5  Dated: 3/8/11                    _Christina A. Snyder_
                                    UNITED STATES DISTRICT JUDGE