JEFFREY A. COHEN, [State Bar 149615]
jcohen@corichlaw.com
ERIK S. VELIE, [State Bar 252446]
evelie@corichlaw.com
COHEN & RICHARDSON, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, CA 90245-4911
Telephone: (310) 469-9600
Fax: (310) 469-9610

Attorneys for Plaintiff, Global Development Strategies, Inc. and Global
Distributions Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Development Strategies, Inc., a Nevada Corporation; Global Distribution, Services, Inc., a Nevada Corporation, <br><br> Global Entities, <br><br> vs. <br><br> Mobile Motion, Inc., a California Corporation; Doron Kim, an individual, E Dating For Free, Inc., a California Corporation; and DOES 1-10. <br><br> Defendants. | Case No. CV11-01966 CAS (AGRx) <br><br> **PLAINTIFFS' OPPOSITION TO EMERGENCY EX PARTE MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, TO REQUIRE POSTING OF A BOND** <br><br> Judge: Hon. Christina A. Snyder <br><br> Courtroom: 5 – 2nd Floor <br><br> Hearing Date: Not Specified |

///

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITES

I.    INTRODUCTION/ARGUMENT ...........................................1

    A. Notice Of The Application And Issuance Of The TRO Is Not
    Required Under *FRCP* 65(b)(1)...........................................1

    B. The Court Did Not Require A Bond And Has Discretion To Require
    The Same...........................................2

    C. The TRO Is Narrowly Tailored To Address The Claims At Hand.....3

    D. Defendants Failed To Provide Notice Of The Ex Parte Application As
    Required. ...........................................3

II.   CONCLUSION...........................................4

1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir. 1964)..2

*Accord Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 985 (2d Cir. 1996)…………2

*West Virginia Highlands Conservancy v. Island Creek Coal Co.,* 441 F.2d 232, 236 (4th Cir. 1971.) ………………………………………………………………2

## FEDERAL RULES

Fed. R. Civ. P. 65(b)(1) ………...………………………………….………… 2

Local Rule 7-19 …………………………………………………………………4

1

## TABLE OF AUTHORITIES

Case No. CV11-01966 CAS (AGRx)

COHEN
RICHARDSON, PC
El Segundo, California

## I.   **MEMORANDUM OF POINTS AND AUTHORITES**

## **INTRODUCTION / ARGUMENT**

Mobile Motion, Inc.'s ("Mobile"), Doron Kim's ("Kim") and E Dating For Free, Inc.'s ("E Dating")(collectively, "Defendants") improperly seek to dissolve the Temporary Restraining Order currently in place on the basis that (1) Defendants and its counsel were not provided with notice of Plaintiffs' Application for Temporary Restraining Order and supporting documents; (2) a bond was not put in place for the temporary restraining order and (3) Defendants would suffer immediate and irreparable harm.   As set forth below, Plaintiffs have complied with the requirements of the *Federal Rules of Civil Procedure* in order to obtain the Temporary Restraining Order without the necessity of posting a bond as directed by the Court.  Further, Defendants have failed to produce any significant evidence of irreparable of imminent harm other than conclusory statements in a futile attempt to dissolve the TRO.

Furthermore, as set forth in the *Ex Parte* Application for OSC and Further Order on TRO filed concurrently herewith, defendants since being served with the order of this court have been engaged in a willful campaign to systematically violate the order of this court and to convince other parties to do so.

## E. **Notice Of The Application And Issuance Of The TRO Is Not Required Under *FRCP* 65(b)(1).**

As the court is aware, pursuant to *Federal Rule of Civil Procedure Section 65(b)(1)* "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts

1  made to give notice and the reasons why it should not be required."

2      Jeffrey A. Cohen, attorney for Plaintiffs, submitted a Certificate of Counsel

3  to Dispense with Notice Requirement with the Temporary Restraining Order as

4  required by *Federal Rule of Civil Procedure section 65(b)(1)* on March 8, 2011,

5  when Plaintiffs filed the *Ex Parte* Application for a Temporary Restraining Order

6  and Supporting Documents. (*See* Affidavit of Erik Velie, ¶2.)  Further, Plaintiffs

7  also submitted facts in the Affidavits of Peter Stephens and Brandon Campbell

8  clearly showing immediate and irreparable injury, loss, or damage if defendants

9  were heard in opposition.  (*See* Affidavit of Brandon Campbell and Peter Stephens

10  in support of *Ex Parte* Application for Temporary Restraining Order.)  Because

11  Plaintiffs complied with the above requirements and met its burden with respect to

12  obtaining a temporary restraining order, the Court properly issued an order

13  granting Plaintiffs' Temporary Restraining Order and set an Order to Show Cause

14  Hearing regarding a preliminary injunction.

15      **F. The Court Did Not Require A Bond And Has Discretion To Require**

16         **The Same.**

17      At the time the Court issued the Temporary Restraining Order and Order to

18  Show Cause regarding Preliminary Injunction, it properly elected not to require a

19  bond as a result of evidence submitted by Plaintiffs in its application.  As the Court

20  is aware, "the trial judge has wide discretion in the manner of requiring security

21  and if there is an absence of proof showing the likelihood of harm, certainly no

22  bond is necessary." (*Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780,

23  782 (10th Cir. 1964); *accord Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d

24  Cir. 1996); *See also West Virginia Highlands Conservancy v. Island Creek Coal

25  Co.,* 441 F.2d 232, 236 (4th Cir. 1971.)  (holding that a nominal bond of $100 was

26  sufficient where defendant failed to show it would suffer more than negligible

27  harm as a result of having to delay timber cutting until the issues raised in the

28  litigation could be decided.)

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

2

1    As set forth in Plaintiffs' Application, there is no indication that Defendants

2    will suffer any cognizable harm during the time the temporary restraining order

3    and preliminary injunction are in effect.  The Order merely requests that the Court

4    to issue an order enjoining (1) Global Entities and E Dating from transferring,

5    assigning and/or making changes to the registry of the Domain Names and (2)

6    Defendants from transferring, assigning, destroying and/or making changes to the

7    AdWords and AdCenter accounts until judgment determining the rights of the

8    parties is ordered.

9    This will not prevent Defendants from satisfying its obligations under the

10   Agreement to the extent the Global Entities wish to continue with this same. This

11   Temporary Restraining Order simply requires preservation of the status quo.

12   Accordingly, the Temporary Restraining Order issued by the Court without the

13   requirement of posting a bond is proper.

14   **G. <u>The TRO Is Narrowly Tailored To Address The Claims At Hand.</u>**

15   As set forth in Plaintiffs' Application and Complaint, the Temporary

16   Restraining Order is narrowly tailored to the claims set forth within the complaint.

17   Pursuant to the Agreement between Plaintiffs, Mobile Motion, Inc. and Doron

18   Kim, Plaintiffs are entitled to the right to register the Domain Names and to the

19   right to all intellectual property related to the Internet marketing services

20   conducted by Plaintiffs, including use and access to the Adwords and Adcenter

21   accounts.  The Temporary Restraining Order specifically requests that the court

22   preserve the status quo with respect to these issues only.  Accordingly, the TRO is

23   proper.

24   **H. <u>Defendants Failed To Provide Notice Of The Ex Parte Application As</u>**

25   <u>**Required.**</u>

26   In paragraph 4 of Karl S. Krokenberger's declaration Mr. Krokenberger

27   stated that "On March 9, 2011, at approximately 4:45 p.m. (PST) I spoke with Erik

28   S. Velie, counsel for Plaintiffs. During this conversation, I explained that

**OPPOSITION TO EMERGENCY MOTION TO DISSOLVE TRO**

1    Defendants intended to file an Ex Parte Motion to dissolve the temporary

2    restraining order to require a bond. I inquired whether Plaintiffs would stipulate to

3    the relief sought in the motion. Mr. Velie so declined to stipulate."

4           While it is correct that Mr. Krokenberger did contact Erik Velie at 4:45 p.m.

5    and requested that Plaintiffs stipulate to dissolve the TRO, at no time did Mr.

6    Krokenberger ever state or suggest that Defendants would be filing an *Ex Parte*

7    Emergency Motion to Dissolve the Temporary Restraining Order or to require a

8    posting of a bond. (*See* Declaration of Erik S. Velie, ¶2.) Furthermore, at no time

9    during the conversation did Mr. Krokenberger state that our office or our clients

10   would have 48 hours from the date of delivery of the moving papers to file and

11   serve opposition papers.

12          Furthermore, as required by the Honorable Judge Snyder, Defendants'

13   counsel failed to inform the opposing party or parties that such party or parties

14   shall have 48 hours from the date of delivery of the moving papers to file and serve

15   their opposition papers, if any. (*See* Defendants' Emergency Motion, *Generally*

16   Declaration of Karl Kreokenberger, *Generally*.) As a result of the procedure

17   failures set forth above, Defendants have failed to comply with the courtroom rules

18   and Local Rule 7-19. Accordingly, Defendants' motion must be denied.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## II.  **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Emergency Ex Parte Motion to Dissolve Temporary Restraining Order, or in the alternative, to require posting of a bond.

DATED:  March 10, 2011                    COHEN & RICHARDSON, PC

JEFFREY A. COHEN
jcohen@corichlaw.com
ERIK S. VELIE
evelie@corichlaw.com
Cohen & Richardson, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, California, 90245
(310) 469-9600 – Telephone
(310) 469-9610 – Facsimile
Attorneys for Plaintiff, Global Development
Strategies, Inc. and Global Distribution
Services, Inc.

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

5

1

## CERTIFICATE OF SERVICE

2
3
4

I hereby certify that on March 10, 2011, the document listed below was filed electronically. A Notice of Electronic Filing is generated by the Court's CM/ECF System and will be sent to the attorneys below who are registered CM/ECF Users and have consented to electronic service.

5
6

**PLAINTIFFS' OPPOSITION TO EMERGENCY EX PARTE MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, TO REQUIRE POSTING OF A BOND**

7

8

By: s/ Jeffrey A. Cohen

9

Jeffrey A. Cohen

Attorneys for Defendant

10

Global Distribution Services, Inc., Global Development Strategies, Inc.

11

12

Karl S. Kronenberger

Krokenberger Burgoyne, LLC

13

150 Post Street, Suite 520

San Francisco, CA 94108

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28