**EXHIBIT A**

1 JEFFREY A. COHEN, [State Bar 149615]
  jcohen@corichlaw.com
2 ERIK S. VELIE, [State Bar 252446]
  evelie@corichlaw.com
3 COHEN & RICHARDSON, PC
  2321 Rosecrans Avenue, Suite 4210
4 El Segundo, CA 90245-4911
  Telephone: (310) 469-9600
5 Fax: (310) 469-9610

6 Attorneys for Plaintiff, Global Development Strategies, Inc. and Global
  Distribution Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Development Strategies, Inc., a Nevada Corporation; Global Distribution, Services, Inc., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Mobile Motion, Inc., a California Corporation; Doron Kim, an individual, E Dating For Free, Inc., a California Corporation; and DOES 1-10.<br><br>Defendants. | Case No. CV11-01966 CAS(AGRx)<br><br>**CERTIFICATE OF COUNSEL TO DISPENSE WITH NOTICE REQUIREMENT FOR TEMPORARY RESTRAINING ORDER**<br><br>[Filed concurrently with (1) Ex Parte Application for TRO and OSC re Preliminary Injunction; (2) Affidavit of Brandon Campbell; (3) Affidavit of Peter Stephens; (4) [Proposed] Temporary Restraining Order and OSC re Preliminary Injunction; and (5) *Ex Parte* Application for Leave to Take Immediate Discovery Prior to Rule 26(f) Conference ]<br><br>Judge:<br><br>Courtroom:<br><br>Hearing Date: |

///
///

1

CERTIFICATE OF COUNSEL TO DISPENSE WITH NOTICE REQUIREMENT FOR
TEMPORARY RESTRAINING ORDER

COHEN AND
RICHARDSON, PC
El Segundo, California

I, Erik Stephen Velie, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California and a member of the bar of this Court. I am an shareholder in the Law Offices of Cohen & Richardson, PC, counsel of record for Plaintiff, Global Development Strategies, Inc. ("GD") and Plaintiff, Global Distribution Services, Inc. ("GDS")(GD and GDS shall hereafter be collectively referred to as "Plaintiffs"). I have personal knowledge of the matters set forth herein and if called and sworn as a witness I could and would competently testify thereto. I make this certification to the Court pursuant to *Rule 65(b)(1)(B)* of the Federal Rules of Civil Procedure.

2. For the reasons stated in Plaintiffs' Complaint, the Application for Temporary Restraining Order and OSC re Preliminary Injunction (the "Application"), and the Affidavits submitted in connection with the Application, irreparable injury would occur to Plaintiffs if Plaintiffs were required to give a full 14 days notice of their request for a restraining order, as required by Rule 6(c)(1) of the Federal Rules of Civil Procedure or *Ex Parte Notice* of the Motion for Temporary Restraining Order and OSC re Preliminary Injunction.

3. Extraordinary circumstances justify a Temporary Restraining Order without notice to the Defendants, because, as shown in the Affidavits of Peter Stephens and Brandon Campbell, upon notice of this claim, Defendants in moments and with very little effort or expense, could transfer 118 Domain Names to other parties, thus causing Plaintiffs to chase the Domain Names around the world. In addition, Plaintiffs would lose a significant amount of their market share, business goodwill, brand and internet marketing presence if, upon receiving notice of an application for a Temporary Restraining Order, Mobile Motion, Inc., Doron Kim and E Dating For Free, Inc. transferred, assigned and/or sold the right to register the Domain Names (as defined in the Complaint) and/or deleted any information within or otherwise shut down, transferred and/or altered the PPC

marketing campaigns contained within Google AdWords and Microsoft AdCenter accounts. Furthermore, as set forth in the Affidavits of Peter Stephens, Plaintiffs could be fatally damaged if Defendants were to take any action altering the campaigns or websites associated with the Domain Names. If Plaintiffs' internet marketing campaigns were altered, Plaintiffs could sustain insurmountable damage, lost revenue, lost good will, lost customers, and a devaluation of the Domain Names, which are the very subject of this application.

4. Furthermore, on information and belief, as set forth in the Affidavit of Peter Stephens, extraordinary circumstances exist to grant a Temporary Restraining Order without notice because Mobile Motion, Inc. and Doron Kim are currently implementing unlawful, unfair business practices in order to further Plaintiffs' internet marketing campaigns without the consent of the Plaintiffs. In order to ensure these activities cease immediately, Plaintiffs need to obtain an order transferring the Domain Names, AdWord and AdCenter accounts to Plaintiffs to ensure that no further unlawful activity occurs.

5. Therefore, in these circumstances, advance notice of a restraining order compelling Mobile Motion, Inc., Doron Kim and E Dating For Free, Inc. to transfer the Domain Names, AdWords and AdCenter accounts to Plaintiffs and/or enjoining Mobile Motion, Inc., Doron Kim and E Dating For Free, Inc. from accessing, transferring, selling, assigning and/or destroying the Domain Names and AdCenter and AdWords accounts is appropriate. If notice is provided, it would only serve as invitation for Defendants to immediately transfer, assign and/or sell the right to register the Domain Names and to transfer, destroy/delete and/or shut down the internet marketing campaigns set forth within the AdCenter and AdWord accounts at a substantial financial detriment to Plaintiffs. Accordingly, it is essential that the Defendants' first notice of the order be by service of Plaintiffs' complaint and the Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction.

I state under penalty of perjury that all of the facts set out in this certification are true and correct to the best of my personal knowledge.

Dated March 7, 2011

COHEN & RICHARDSON, P.C

*[signature]*

By: Jeffrey A. Cohen [SBN 149615]
jcohen@corichlaw.com
2321 Rosecrans Avenue, Suite 4210
El Segundo, CA 90245-4911
Telephone: (310) 469-9600
Fax: (310) 469-9610
Attorneys for Plaintiff, Global Development Strategies, Inc and Global Distribution Services, Inc.