JEFFREY A. COHEN, [State Bar 149615]
jcohen@corichlaw.com
ERIK S. VELIE, [State Bar 252446]
evelie@corichlaw.com
COHEN & RICHARDSON, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, CA 90245-4911
Telephone: (310) 469-9600
Fax: (310) 469-9610

Attorneys for Plaintiff, Global Development Strategies, Inc. and Global Distribution Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Development Strategies, Inc., a Nevada Corporation; Global Distribution, Services, Inc., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Mobile Motion, Inc., a California Corporation; Doron Kim, an individual, E Dating For Free, Inc., a California Corporation; and DOES 1-10.<br><br>Defendant | Case No. CV11-01966 CAS (AGRx)<br><br>**AFFIDAVIT OF JEFFREY A. COHEN IN SUPPORT OF REQUEST FOR SUPPLAMENTAL ORDER ON PRIOR EX PARTE APPLCIATION FOR TEMPORARY RESTRAINING ORDER RE: RACKSPACE**<br><br>Judge: Hon. Christina A. Snyder<br><br>Courtroom: 5 – 2nd Floor<br><br>Hearing Date: Not Specified |

I, Jeffrey A. Cohen, declare as follows:

   1.   I am an attorney at law duly licensed to practice law in the State of California and a member of the bar of this Court. I am a shareholder in the Law Offices of Cohen & Richardson, PC, counsel of record for Plaintiff, Global Development Strategies, Inc. ("GD") and Plaintiff, Global Distribution Services, Inc. ("GDS")(GD and GDS shall hereafter be collectively referred to as "Plaintiffs"). I have personal knowledge of the matters set forth herein and if called and sworn as a witness I could and would competently testify thereto. I

make this Affidavit in Support of Plaintiffs' Application for a further order re: Rackspace on the prior Ex Parte Application.

2. On March 9, 2011, I received a telephone call from Paul Robinson who identified himself to me as general counsel for Rackspace. Mr. Robinson stated that he was not going to comply with the court's prior temporary restraining order on the grounds that it was not specific enough as to the exact actions that Rackspace is supposed to take.

3. I asked him to read the portion of the order at paragraphs 4 and 6 on Pages 10 and 11 of the Temporary Restraining Order. Mr. Robinson stated that because his client is contractually obligated to continue to allow access to the accounts that he would not comply with the order and that he did not have the power to do so without a more specific order from the court.

4. He then told me that regardless of anything, Plaintiffs would not get what they were looking for because changing the password for the Rackspace customer account was too burdensome and that if Rackspace did anything they would simply deactivate the accounts. I pointed out that that would also be a direct violation of the court order.

5. I urged Mr. Robinson to consider compliance with the order of the court and advised him that it appeared to me that his client would be in contempt of the order if he did not disable access and that our client stood to sustain severe damages if they did not comply.

6. On March 9, 2011 later the same day I left a voice mail with Mr. Robinson seeking his stipulation to language for a supplemental order of the court. He id not return my call as of 5:00 PM March 10, 2011 however, during our prior call he did tell me that he would be extendedly traveling and would be out of touch.

7. In my personal experience having represented web hosting companies like Rackspace for many years changing a customer's password is a momentary routine task without any expense.

8. During the conversation, Mr. Robinson also advised me that Rackspace had earlier in the day informed the defendants of the order and I was told that they spoke with Defendant's attorney as well.

9. Later that evening it was discovered that Rackspace indeed had not complied with the court order and that the defendants, as clients of Rackspace were allowed access to the web hosting account for the purpose of making changes to the Websites in question in this matter and indeed we have verified that the Websites have now already been materially and substantially changed.

10. It is my understanding based upon having represented many web hosting companies over many years that all reputable web hosting companies maintain regular emergency back ups of all of their servers in the event that they need to be restored.

11. All of the websites as of the time of this affidavit remain "Changed" and "altered" in direct and flagrant violation of the order of this court.

I state under penalty of perjury that all of the facts set out in this certification are true and correct to the best of my personal knowledge.

Dated March 10, 2011

COHEN & RICHARDSON, P.C

By: Jeffrey A. Cohen [149615]
jcohen@corichlaw.com
2321 Rosecrans Avenue, Suite 4210
El Segundo, CA  90245-4911
Telephone: (310) 469-9600
Fax: (310) 469-9610
Attorneys for Plaintiff, Global Development Strategies, Inc and Global Distribution Services, Inc.

COHEN AND RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

3

AFFIDAVIT OF JEFFREY A. COHEN RE: RACKSPACE FURTHER TRO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2011, the document listed below was filed electronically. A Notice of Electronic Filing is generated by the Court's CM/ECF System and will be sent to the attorneys below who are registered CM/ECF Users and have consented to electronic service.

**AFFIDAVIT OF JEFFREY A. COHEN IN SUPPORT OF OPPOSITION TO EMERGENCY EX PARTE MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, TO REQUIRE POSTING OF A BOND**

By: s/ Jeffrey A. Cohen
Jeffrey A. Cohen
Attorneys for Defendant
Global Distribution Services, Inc., Global Development Strategies, Inc.

Karl S. Kronenberger
Krokenberger Burgoyne, LLC
150 Post Street, Suite 520
San Francisco, CA 94108