JEFFREY A. COHEN, [State Bar 149615]
jcohen@corichlaw.com
ERIK S. VELIE, [State Bar 252446]
evelie@corichlaw.com
COHEN & RICHARDSON, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, CA  90245-4911
Telephone: (310) 469-9600
Fax: (310) 469-9610

Attorneys for Plaintiff, Global Development Strategies, Inc. and Global Distributions Services, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Development Strategies, Inc., a Nevada Corporation; Global Distribution, Services, Inc., a Nevada Corporation, <br><br> Global Entities, <br><br> vs. <br><br> Mobile Motion, Inc., a California Corporation; Doron Kim, an individual, E Dating For Free, Inc., a California Corporation; and DOES 1-10. <br><br> Defendants. | Case No. CV11-01966 CAS <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> *[Filed concurrently with Request for Judicial Notice]* <br><br> Judge: Christina A. Snyder <br><br> Courtroom No. 5 – 2nd Floor <br><br> Hearing Date: April 18, 2011 <br><br> Time: 10:00 a.m. |

///

COHEN &
RICHARDSON, PC
El Segundo, California

1

**OPPOSITION TO MOTION TO DISMISS**

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION** ................................................................... 1

**II.   ARGUMENT** ........................................................................ 1

    **A. Standard of Review** ..................................................... 1

        a. *Standard of Review Related to Statute of Limitations Under a Rule 12(b)(6) Motion* .......................... 2

    **B. In Order to Succeed On A Motion to Dismiss Pursuant to FRCP 12(b)(6), A Defect Must Appear On the Face of the Complaint And Extrinsic Evidence May Not Be Considered** ..................3

        a. *All Extrinsic Evidence Outside the Complaint, Including the Affidavits of David Perez and Doron Kim May Not Be Considered* ............... 3

    **C. Defendants' Motion to Dismiss Should Not Be Converted To A Motion For Summary Judgment** ..................... 3

        a. *Conversion of a 12(b)(6) Motion is Disfavored* .................. 3

    **D. Plaintiffs' Complaint Successfully Alleges Facts Sufficient to State A Claim For Relief With Respect to Each Cause of Action Alleged** ........................... 5

        a. *Breach of Contract* ........................................... 5

            i. *Statute of Limitations.* ................................... 6

                1. *Statute of Limitations Are Tolled Because Mobile Motion, Inc. and Doron Kim Actively Misrepresented And Concealed The Fact That The Domain Names and Pay-Per-Click Accounts Were Registered to Mobile Motion,*

i

COHEN & RICHARDSON, PC
El Segundo, California

**TABLE OF CONTENTS**

*Inc.*…………………………………………..…….…… 8

**2.** *No Duty to Investigate Once A Fiduciary
Relationship Created Between The Parties
Under the Agreement*……………………...…….… 9

b. *Conversion*. …………………………………..…..10

    i. *Statute of Limitations* ……………………..…… 11

c. *Breach of Good Faith and Fair Dealing*. …..…….…..…..12

    i. *Statute of Limitations* …………………..……… 13

d. *Fraud* ..……………………………………… 13

    i. *Statute of Limitations* ……………………… 13

e. *Cybersquatting 15 U.S.C. §1125(d)*. ………….…..……... 14

    i. *The Domain Names Are Identical And/Or Confusingly
    Similar To Plaintiffs' Famous Business Marks*…………..14

    ii. *Defendants' Registered, Re-Registered and Used the
    Domain Names With A Bad Faith Intent To Profit From The
    Mark*………………………………………… 16

    iii. *Statute of Limitations* ………………………..……..16

**E. Defendants Attempt To Confuse The Court
Regarding Ownership and/or Affiliation With
A AAA Allstate Overhead Garage Door, Inc. Does
Not Bar Plaintiffs From Recovery** …………………… 16

a. *Plaintiffs and its predecessors-in-interest have
no right, title or interest in A AAA Allstate
Overhead Garage Door, Inc.* ………………… 17

b. *Ronnie Stephens and Misti Stephens Have No
Affiliation, Ownership and Interest in Plaintiffs*

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

ii

*or Its' Predecessors-In-Interest* ………………………………………18

    c.  *The Email Chain Between David Perez and Misti*
       *Stephens relates Solely To "Websites" Not*
       *"Domain Names".* ……………………………………………18

**III.**    **CONCLUSION** ……………………………………....………. 19

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

iii

**OPPOSITION TO MOTION TO DISMISS**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arpin v. Santa Clara Valley Transp. Agency*
261 F3d 912 (9th Cir. 2001)......................................................... 3, 17

*AVCO Corp. v. Precision Air Parts, Inc.*
676 F2d 494 (11th Cir. 1982)............................................................ 2

*Balistreri v. Pacifica Police Dept.*
901 F2d 696 (9th Cir. 1990) ............................................................ 2

*Barker v. Riverside County Office of Ed.*
(9th Cir. 2009) 584 F3d 821 (9th Cir. 2009) ................................... 1

*Bell Atlantic Corp. v. Twombly,* 550 US 544 (2007) ........................... 2

*Bernheim v. Litt,* 9 F3d 318 (2nd Cir. 1996) ..................................... 2

*Braden v. Wal-Mart Stores, Inc.,*588 F3d 585 (8th Cir. 2009) ............. 1

*Butler v. Los Angeles County*
617 F.Supp.2d 994 (CD CA 2008) ................................................. 3,17

*Cervantes v. City of San Diego,* 5 F3d 1273 (9th Cir. 1993) ............... 2, 3

*Conley v. Gibson,* 355 US 41(1957) ................................................. 1

*De La Cruz v. Torney,* 582 F2d 45 (9th Cir. 1978) ............................. 1

*Grahling v. Village of Lombard, Ill.* 58 F3d 295 (7th Cir. 1995) .............. 2

*In re Rothery,* 143 F3d 546 (9th Cir. 1998) ...................................... 4

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.,*
559 F3d 985 (9th Cir. 2009) ......................................................... 15

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 408 F.3d 596 (9th Cir. 2005)......................................................................14

*Kremen v. Cohen* 337 F.3d 1024, 1030 (9th Cir. 2003) ........................ 11

*Mack v. South Bay Beer Distributors, Inc.,* 798 F2d 1279 (9th Cir. 1986) .......... 4

*Matsumoto v. Republic Ins. Co.,* 792 F.2d 869 (9th Cir. 1986) ................9

*Office Depot Inc. v. Zuccarini,* 596 F.3d 696 (9th Cir. 2010) ................ 11

*Paulsen v. CNF, Inc.,* 391 F.Supp.2d 804 (ND CA 2005) ................... 3, 17

*Rescuecom v. Google, Inc..* 562 F3d 123 (2nd Cir. 2009) ..................... 1

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

iv

## TABLE OF AUTHORITIES

1   *Rubert-Torres v. Hospital San Pablo, Inc.,* 205 F3d 472 (1st Cir. 2000)............. 4

2   *Sacramento Suburban Fruit Lands Co. v. Johnson,*
3   36 F2d 948 (1929, 9th Cir. Cal)..................................................... 7

4   **STATE CASES**

5   *Bennett v. Hibernia Bank* (1956) 47 Cal. 2d 540 ..................…... .. 12

6   *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*
7   (1992) 2 Cal.4th 342 ............................................................12

8   *Carruth v. Fritch* (1950) 36 Cal.2d 426 ...........................................8

9   *de Vries v. Rumback* (1960) 53 Cal.2d 643 ..................................... 10

10  *Fabricon v. Prod. V. United Cal. Bank* (1968) 264 Cal. App. 2d 113 ...........11

11  *Harpending v. Meyer* (1850) 55 Cal. 555 ...................................... 12

12  *Herbert v. Lankershim* (1937) 9 Cal. 2d 409 ................................... 9

13  *Hobart v. Hobart Estate Co.* (1945) 26 Cal. 2d 412 ...........................14

14  *Lewis v. Beeks* (1948) 88 Cal. App. 2d 511 .................................…14

15  *Marston v. Kuhland* (1907) 151 Cal. 102. ....................................13

16  *Sears, Roebuck & Co. v. Blade* (1956) 139 Cal.App.2d 580 ....................8

17  *Society of Cal. Pioneers v. Baker* (1996) 43 Cal. App. 4th 774 ...................12

18  *Stafford v. Oil Tool Corp.* (1955) 133 Cal.App.2d 763 ...........................7

19  *Stafford v. Shultz* (1954) 42 Cal.2d 767 ................................….... 10

20  *Strasberg v. Odyssey Group, Inc.* (1996) 51 Cal. App. 4th 906 ...................12

21

22  **FEDERAL STATUTES**

23

24  15 U.S.C 1125(c)(2)(A) ...........................................................15

25  15 U.S.C. §1125(d)...............................................…........... 14, 15
    15 U.S.C. §1125(d)(1)(a) .......................................................14

26  18 U.S.C. §706 .................................................….............14

27  Federal Rules of Civil Procedure 12(b)(6) .........................................*passim*

28  Federal Rules of Civil Procedure 12 (d) ............................................4

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

v

**OPPOSITION TO MOTION TO DISMISS**

1

15 U.S.C. 1052(f)...................................................................16

2

**STATE STATUTES**

3

*California Civil Code §1515*................................................. 5
*California Code of Civil Procedure §338(c)* ........................... 11
*California Code of Civil Procedure §339(1)* ............................ 6
*California Code of Civil Procedure 430.10(g)*........................... 5

4

5

6

7

**TREATISES**

8

Jonathan D. Hart, *Internet Law* 120 (2008) ............................ 11
1 Nims, Unfair Competition and Trademarks at §37 (1947).........................16

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

vi

**OPPOSITION TO MOTION TO DISMISS**

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

Defendants' Motion to Dismiss under Federal Rule of Civil Procedure section 12(b)(6) is improper and must be denied because Plaintiffs' complaint (the "Complaint") that is the subject of this action has satisfied the liberal pleading requirements required by the Court.  Plaintiffs have alleged facts sufficient to state a claim for which relief may be granted for each cause of action pled in the Complaint.

On a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations set out in the complaint, draw inferences from these allegations in the light most favorable to plaintiff, and construe the complaint liberally." (*Rescuecom v. Google, Inc.* (2nd Cir. 2009) 562 F3d 123, 127.)  All reasonable inferences from the facts alleged are drawn in Plaintiff's favor in determining whether the complaint states a valid claim. (*Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F3d 585, 595; *Barker v. Riverside County Office of Ed.* (9th Cir. 2009) 584 F3d 821, 824.)  Here, Plaintiffs have alleged facts to support each element of its' claims and therefore Defendants' Motion to Dismiss must be denied.

Notwithstanding the foregoing, if the Court determines that Plaintiffs have failed to meet its pleading requirements to successfully state a claim for which relief may be granted, Plaintiffs' respectfully request this Court leave to amend the Complaint to cure any defects.

## II.   <u>ARGUMENT</u>

### A. <u>Standard of Review</u>.

A Rule 12(b)(6) motion is similar to the common law general demurrer: i.e. it tests the legal sufficiency of the claim or claims stated in the complaint. (*Conley v. Gibson* (1957) 355 US 41, 45-46, 78 S. Ct. 99, 102; *De La Cruz v. Torney* (9th Cir. 1978) 582 F2d 45, 48.)  The court must decide whether the facts alleged, if

1    true, would entitle plaintiff to some form of legal remedy. (*Id.*) Unless the answer

2    is unequivocally "no," the motion must be denied. (*Id.*) Thus, a Rule 12(b)(6)

3    dismissal is proper only where there is either a "lack of a cognizable legal theory"

4    or "the absence of sufficient facts alleged under a cognizable legal theory."

5    (*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d 696, 699; *Grahling v.*

6    *Village of Lombard, Ill.* (7th Cir. 1995) 58 F3d 295, 297 – "A suit should not be

7    dismissed if it is possible to hypothesize facts, consistent with the complaint, that

8    would make out a claim."

9           Subject to the requirement that the complaint show a "plausible" claim for

10   relief, the court must accept as true all material allegations in the complaint: "Rule

11   12(b)(6) does not countenance… dismissals based on the judge's disbelief of a

12   complaint's factual allegations." (*Bell Atlantic Corp. v. Twombly* (2007) 550 US

13   544, 556, 127 S. Ct. 1955, 1965.) The sole issue raised by a 12(b)(6) motion is

14   whether the facts pleaded would, if established, support a plausible claim for relief.

15   Thus, no matter how improbable the facts alleged are, they must be accepted as

16   true for purposes of this motion. (*Bell Atlantic Corp. v. Twombly*, (2007) 550 US

17   544, 556, 127 S. Ct. 1955, 1965; *Bernheim v. Litt* (2nd Cir. 1996) 79 F3d 318, 321 –

18   "Recovery may seem remote and unlikely on the face of the pleading, but that is

19   not the test for dismissal.")

20          *a.  Standard of Review Related to Statute of Limitations Under a Rule*

21              *12(b)(6) Motion.*

22          Where the running of the statute cannot be determined from the face of the

23   complaint, a motion for summary judgment is the proper procedure. (*AVCO Corp.*

24   *v. Precision Air Parts, Inc.* (11th Cir. 1982) 676 F2d 494, 495.) The fact dates

25   alleged in the complaint are beyond the statutory period is not enough to support a

26   Rule 12(b)(6) dismissal. (*Cervantes v. City of San Diego* (9th Cir. 1993) 5 F3d

27   1273, 1275.) Dismissal can be granted "only if the assertions of the complaint,

28   read with the required liberality, would not permit the plaintiff to prove the statute

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

2

**OPPOSITION TO MOTION TO DISMISS**

1  (had been) tolled." (*Cervantes v. City of San Diego* (9th Cir. 1993) 5 F3d 1273,

2  1275.)(emphasis and parentheses added; internal quotes omitted.)

**B. In Order to Succeed On A Motion to Dismiss Pursuant to FRCP 12(b)(6), A Defect Must Appear On the Face of the Complaint And Extrinsic Evidence May Not Be Considered.**

 *a. All Extrinsic Evidence Outside the Complaint, Including the Affidavits of David Perez and Doron Kim May Not Be Considered.*

Defendants have improperly submitted evidence and material outside of the Complaint that cannot be considered by the Court.  Unless the Court converts the Rule 12(b)(6) motion into a summary judgment motion, or the defense is apparent from matters of which a court may take judicial notice, the court **may not** consider material outside the complaint (e.g. facts presented in briefs, affidavits or discovery materials).  (*Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F3d 912, 925; *Butler v. Los Angeles County* (CD CA 2008) 617 F.Supp.2d 994, 999 (citing text); *Paulsen v. CNF, Inc.* (ND CA 2005) 391 F.Supp.2d 804, 807 (citing text).)  Here, Defendants have submitted the (1) Declaration of David Perez and (2) Declaration of Doron Kim in support of Defendants' Motion to Dismiss.  As set forth above, the Court may not consider extrinsic evidence submitted by a moving party under a Rule 12(b)(6) motion.  Accordingly, because Plaintiffs have successfully pled facts sufficient to state a claim for relief for each claim set forth in the Complaint, Defendants' Motion to Dismiss must be denied.

**C. Defendants' Motion to Dismiss Should Not Be Converted To A Motion For Summary Judgment.**

 *a. Conversion of a 12(b)(6) Motion is Disfavored.*

Conversion is generally disfavored if "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant

1 does not have reasonable notice that a conversion might occur." (*Rubert-Torres v.*

2 *Hospital San Pablo, Inc.* (1st Cir. 2000) 205 F3d 472, 475.)

3    Defendants' Motion to Dismiss should not be converted into a motion for

4 summary judgment for each of the reasons set forth above.  As the Court is aware,

5 Plaintiffs' Complaint was recently filed on March 8th, 2011.  (*See* Request for

6 Judicial Notice ("RJN"), Exhibit A.)  Eight days after the filing of the Complaint,

7 Defendants immediately filed its Motion to Dismiss.  (*See* Defendants' Motion to

8 Dismiss.)  As a result of the immediacy between the two filings, Plaintiffs have

9 been unable to conduct sufficient discovery to submit evidence and/or counter

10 extrinsic evidence improperly submitted by Defendants by way of Defendants'

11 Motion to Dismiss.  Particularly, Plaintiffs are still in the process of obtaining

12 evidence and documents from all third-party vendors related to the domain names

13 and pay-per-click accounts that are the subject of this action.  Furthermore,

14 Plaintiffs have received no notice from Defendants or the Court that a conversion

15 might occur.  Accordingly, Defendants'' Motion to Dismiss must be denied and

16 said Motion must not be converted to a summary judgment motion for the reasons

17 stated above.

18    Notwithstanding the foregoing, if the Court is inclined to convert

19 Defendants' Motion to Dismiss to a summary judgment motion, Plaintiffs' request

20 that Plaintiffs be given additional time to counter Plaintiffs' Extrinsic evidence

21 with its own evidence.  The opposing party must be made aware of the district

22 court's election to treat the 12(b)(6) motion as converted and must be given a

23 "reasonable opportunity" to present rebutting evidence. (FRCP 12(d); *Mack v.*

24 *South Bay Beer Distributors, Inc.* (9th Cir. 1986) 798 F2d 1279, 1282.)  Many cases

25 require the same notice required on a Rule 56 motion for summary judgment. (*In*

26 *re Rothery* (9th Cir. 1998) 143 F3d 546, 549.)

27 ///

28 ///

**D. Plaintiffs' Complaint Successfully Alleges Facts Sufficient to State A Claim For Relief With Respect to Each Cause of Action Alleged.**

   a. *Breach of Contract.*

**Enforceable Contract**

   A contract is enforceable if it satisfies the requirements for a contract pursuant to *California Civil Code* §1515.  There must be parties capable of contracting, consent to the agreement, a lawful object and a sufficient cause for consideration.  Here, as set forth in the Complaint, Defendants and Plaintiffs formed an agreement and did so for the purpose of obtaining and providing Internet marketing services in exchange for compensation.  (*See* Complaint, ¶¶ 21-28, 42-45.)

**Breach of Contract**

   To make out a cause of action for breach of contract requires a pleading of (a) the contract (as set forth above); (b) plaintiff's performance or excuse for nonperformance (*See* Complaint, ¶43); (c) defendant's breach (*See* Complaint, ¶¶22-24, 26, 27 and 44); and (d) damage to plaintiff (*See* Complaint, ¶45). It is necessary to specify that the contract is written, oral (Oral Contract; *See* Complaint, ¶23), or implied by conduct. (Cal. Code Civ. Proc. 430.10(g).)

   Under the terms of the Agreement, Defendants had a duty and obligation to make purchases for the benefit of Plaintiffs, including the Domain Names and Pay-Per-Click accounts.  (*See* Complaint, ¶¶22-24, 26 and 27.)   Instead of using the Credit Cards for Plaintiffs benefit, including ensuring that the right to register and use the Domain Names and AdWords and AdCenter accounts was vested in Plaintiffs, Mobile Motion, Inc. and Doron Kim breached the Agreement by: (1) intentionally, unlawfully and willfully registering the Domain Names to Mobile Motion, Inc.; (2) willfully and intentionally renewing and re-registering the Domain Names in Mobile Motion's name, thereby annually depriving Plaintiffs of its contractual rights under the Agreement; (3) using the Plaintiffs' credit cards for

1   a purpose other than Plaintiffs' benefit; (4) intentionally, unlawfully and willfully

2   opening various AdWord and AdCenter accounts in Mobile Motion's name,

3   thereby depriving Plaintiffs of access and use of the AdWords and AdCenter

4   accounts and the Pay-Per-Click keywords, therein daily in breach of the

5   Agreement; and (5) Since September of 2010, Mobile Motion, Inc., has denied and

6   continues to deny, Plaintiffs access to the AdWords and AdCenter accounts and

7   have failed to transfer the Domain Names, AdWords and AdCenter accounts

8   despite repeated demands. (*Complaint,* ¶44.) Accordingly, as set forth above,

9   Plaintiffs have successfully alleged facts sufficient to plead a cause of action for

10  breach of contract.

11              i.   *Statute of Limitations.*

12          Pursuant to *California Code of Civil Procedure Section* 339(1), "An action

13  upon a contract, obligation or liability not founded upon an instrument in writing...

14  shall not be deemed to have accrued until the discovery of the loss or damage by

15  the aggrieved party suffered thereunder." As stated in Plaintiffs' Complaint,

16  Plaintiffs did not discover the above referenced breaches until September 2010, as

17  a result of Defendants' willful concealment of its misappropriation of the Domain

18  Names and AdWords and AdCenter accounts. (*See* Complaint, ¶¶30, 36.)

19  Because such discovery was less than two years from the date this action was filed,

20  Plaintiffs' various breach of contract claims are proper. (*Id.*)

21          Notwithstanding the foregoing, Plaintiffs' Complaint has sufficiently pled

22  sufficient facts to allege that the statute of limitations has not run and/or has been

23  tolled with respect to the various breaches alleged in the Complaint because

24  Plaintiffs' Complaint alleges that (1) Mobile Motion, Inc., Doron Kim and E

25  Dating, Inc. have renewed, re-registered and used the Domain Names thereby

26  depriving Plaintiffs of its rights to the Domain Names within the last 24 months

27  prior to the filing of this action thereby re-initiating the statute of limitations period

28  (*See* Complaint, ¶27); (2) Mobile Motion, Inc. and Doron Kim have recently

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

6

**OPPOSITION TO MOTION TO DISMISS**

1   breached the Agreement as of September of 2010, by failing to provide Plaintiffs'

2   access to the AdWords and AdCenter accounts and the rights to register the

3   Domain Names despite repeated demands since the September of 2010, thereby

4   invoking the statute of limitations period (*See* Complaint, ¶¶ 30, 44) and (3)

5   Mobile Motion, Inc. and Doron Kim have used Plaintiffs' Credit Cards for a

6   purpose other than Plaintiff's benefit within the last 24 months prior to the filing of

7   this action (*See* Complaint, ¶¶ 29, 44.)

8        Furthermore, with respect to (2) above, a period of the statute of limitations

9   does not run until demand is made.  (*Stafford v. Oil Tool Corp.* (1955, Cal. App. 2d

10   Dist.) 133 Cal.App.2d 763.)  Accordingly, because the Complaint alleges that the

11   demand was for access to the AdWords and AdCenter accounts and the right to

12   register the Domain Names was not made until September of 2010, and because

13   Plaintiffs were not aware of Defendants' improper conduct until such time,

14   Plaintiffs claim is proper.  (*See* Complaint, ¶30.)

15        Finally, as set forth in the facts alleged in the Complaint, "one who in person

16   contracts with another, in reliance upon representations touching material facts,

17   need not proceed diligently to find out whether he has been defrauded, but has the

18   right to proceed under the assumption that he has been dealt with honestly until by

19   reason of some occurrence, fact, circumstance, or condition coming to his

20   knowledge he has ground to suspect he has been deceived. (*Sacramento Suburban*

21   *Fruit Lands Co. v. Johnson* (1929, 9th Cir. Cal) 36 F2d 948.)  Accordingly, based

22   on the facts alleged in the Complaint, Plaintiffs have successfully pled an action

23   for breach of contract and are not time barred by any applicable statute of

24   limitations related to a breach of contract claim.

25   ///

26   ///

27   ///

28   ///

1          *1. Statute of Limitations Are Tolled Because Mobile*

2          *Motion, Inc. and Doron Kim Actively Misrepresented*

3          *And Concealed The Fact That The Domain Names*

4          *and Pay-Per-Click Accounts Were Registered to*

5          *Mobile Motion, Inc.*

6          Under California law, a defendant is equitably estopped from asserting the

7    defense of the statute of limitations when the plaintiff has been induced to delay

8    filing an action through reliance of defendant's conduct. (*Carruth v. Fritch*, 36

9    Cal.2d 426, 433 (1950).)  Equitable estoppels may toll the statute of limitations

10   when either the defendant was under a duty or the defendant actively

11   misrepresented or fraudulently concealed material facts. (3 *Witkin, Cal. Procedure,*

12   *Actions, Secs.* 530-535, at 559-63 (3rd ed. 1985 &1990.)

13          In actions based on contract, defendant's undiscovered fraud or fraudulent

14   concealment will toll the statute of repose. (*Sears, Roebuck & Co. v. Blade* 139

15   Cal.App.2d 580 (Cal.App.2d Dist. 1956.) Though fraud is not the gravamen of

16   such actions, the plaintiff is not precluded in a proper case from relying upon the

17   fraud or concealment which permeated the transaction, to toll the particular

18   limitation period germane to this action. (*Id.*)  Independent of statute, a fraudulent

19   concealment by the defendant of the facts upon which a legal common-law action

20   is based, under the property circumstances, tolls the statute until discovery and that

21   upon discovery the statute applicable to that particular action begins to run.  (*Id.*)

22          Here, as alleged in the Complaint, Mobile Motion, Inc. and Doron Kim

23   represented that the right to register and use the Domain Names and access and use

24   of the AdWords and AdCenter accounts would remain in the name of Plaintiffs.

25   (*See* Complaint, ¶¶ 23, 26, 27, 28 and 62-65.)   From September of 2003 until

26   September of 2010, Defendants' concealed any and all facts regarding ownership

27   of the Domain Names and AdWords and AdCenter accounts by failing to disclose

28   the same. (*Id.*)

1        In *Matsumoto v. Republic Ins. Co.*, 792 F.2d 869 (9th Cir. 1986), the Court

2 held that the statutory period of limitations in California may be tolled when "the

3 factual predicate for the plaintiff's injuries was concealed or misrepresented."

4 Accordingly, because Plaintiffs injuries were undiscovered as a result of

5 Defendants concealment, Defendants are equitably estopped from making a statute

6 of limitations argument and Plaintiffs claim is proper and Defendants' Motion to

7 Dismiss must be denied.

8                      2.  *No Duty to Investigate Once A Fiduciary Relationship*

9                    *Created Between The Parties Under the Agreement.*

10        A fiduciary relationship was created between Plaintiffs and Defendants as

11 alleged in the Complaint when the Agreement was entered into and when Peter

12 Stephens provided Mobile Motion, Inc. and Doron Kim access to the Credit Cards.

13 (*See* Complaint, ¶¶ 21, 23-24, 26.)  A fiduciary relationship is "any relation

14 existing between parties to a transaction wherein one of the parties is in duty bound

15 to act with the utmost good faith and for the benefit of the other party. (*Herbert v.*

16 *Lankershim* (1937) 9 Cal. 2d 409, 483.)  Such a relation ordinarily arises where a

17 confidence is reposed by, if he voluntarily accepts or assumes to accept such

18 confidence, can take no advantage from his acts related to the interest of the other

19 party without the latter's knowledge or consent…" (*Id.*)

20        As set forth in the Complaint, paragraph 26, Peter Stephens, on behalf of the

21 Plaintiffs and its predecessors-in-interest and in reliance of Defendants'

22 representations under the Agreement, provided Defendants with the Credit Cards

23 "to use the same for the benefit of Plaintiffs in order to set up the Pay-Per-Click

24 Accounts and to register the domain names for the benefit of each of the respective

25 Old Corporations' names, as well as other industry relevant domain names, on

26 behalf of the Old Corporations and Plaintiffs, entrusted the Credit Cards to Mobile

27 for the specific purposes referenced above (*See* Complaint, ¶24) and for Mobile to

28 comply with its obligations under the Agreement and to no other. (*Id.* at 26.)

1   Mobile Motion, Inc. and Doron Kim voluntarily accepted this fiduciary

2   relationship under the Agreement and therefore a fiduciary relationship was

3   created. (*See* Complaint, ¶¶ 21-24, 26-28.)

4        In a fiduciary relationship, the fiduciary is obligated to put the interests of its

5   beneficiary above its own. The California courts have held that such a trust

6   relationship reduces the beneficiary's duty to investigate facts relevant to its own

7   claims, thus tolling the statute of limitations. (*Stafford v. Shultz*, 42 Cal.2d 767, 778

8   (1954).)  Accordingly, because of (1) Plaintiffs' recent discovery of Defendants'

9   various breaches of the oral agreement, (2) Defendants' active concealment and (3)

10  the fiduciary relationship created by Defendants active use of the credit cards,

11  Plaintiffs' action for breach of oral contract is proper and therefore Defendants'

12  Motion for Dismiss must be denied.

13        b. *Conversion*.

14       Plaintiffs have sufficiently alleged facts in Plaintiffs' Complaint to state a

15  cause of action for conversion.  Conversion is defined as an act of willful

16  interference with personal property, done without lawful justification, by which

17  any person entitled thereto is deprived of the use and possession of the personal

18  property. (*de Vries v. Rumback* (1960) 53 Cal.2d 643, 647.)  As set forth in the

19  Complaint, under the terms of the Agreement, Plaintiffs clearly have/had a legal

20  right to (1) register the Domain Names and (2) access, use and own the AdCenter

21  and AdWords accounts.  (*See* Complaint, ¶¶ 21-24, 26-30 and 55-60.)  Defendants

22  willfully and intentionally interfered with these property rights by unilaterally

23  registering the Domain Names and setting up the AdCenter and AdWord accounts

24  in Mobile Motion's name without Plaintiffs' authority thereby converting the same

25  for Defendants' use.  (*Id.*, ¶¶ 21-24, 26-30, 44, 55-60 and 62-65.)  Furthermore,

26  Defendants continued to assert such dominion and control over the Domain

27  Names, AdWords and AdCenter accounts by re-registering and re-accessing such

28

**OPPOSITION TO MOTION TO DISMISS**

1 | accounts without transferring the same to Plaintiffs. (*See* Complaint, ¶27, 44 and

2 | 55-60.)

3 | In addition, after learning that Plaintiffs were demanding the right to register

4 | the Domains, Defendants willfully and intentionally interfered and converted

5 | Plaintiffs property rights in the Domain Names by transferring the E Dating

6 | Domains, including the Private E Dating Domains, to E Dating Thereby converting

7 | the same to E Dating's use.   (*See* Complaint, ¶¶ 30-36, 44, 55-60 and 62-65.)

8 | Such transfers were made with the intent to defraud Plaintiffs of its use of the

9 | Domain Names. (*Id.*)  Accordingly, Defendants, and each of them, have

10 | unlawfully converted Plaintiffs' property rights.  Because a conversion claim has

11 | sufficiently been pled and no adequate remedy at law exists for the intangible

12 | property, Defendants' Motion to Dismiss must be denied.

13 | Furthermore, as determined in *Kremen v. Cohen* 337 F.3d 1024, 1030 (9th

14 | Cir. 2003), domain names are intangible property subject to conversion claims. To

15 | this end, "courts generally hold that domain names are subject to the same laws as

16 | other types of intangible property." (*Jonathan D. Hart, Internet Law* 120 (2008);

17 | see, e.g., *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701-02 (9th Cir. 2010)

18 | (domain name subject to receiver- ship in the district of domain name registrar).)

19 | Domain names are thus subject to conversion under California law,

20 | notwithstanding the common law tort law distinction between tangible and

21 | intangible property for conversion claims. (*Id.*) Accordingly, Defendants' Motion

22 | for Dismiss must be denied because Plaintiffs have sufficiently pled facts to satisfy

23 | the pleading requirements for a cause of action for conversion as required by the

24 | Court.

25 | i. *Statute of Limitations*

26 | Actions for conversion are, in general, subject to a three-year statute of

27 | limitations. (*Fabricon v. Prod. V. United Cal. Bank* (1968) 264 Cal. App. 2d 113,

28 | 118, 70 Cal. Rptr. 50; see *Code Civ. Proc.* §338(c).)  If the defendant conceals

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

11

**OPPOSITION TO MOTION TO DISMISS**

1   facts which constitute the cause of action, the statute does not begin to run until the

2   plaintiff discovered, or should have discovered, those facts (*Bennett v. Hibernia*

3   *Bank* (1956) 47 Cal. 2d 540, 561; *Strasberg v. Odyssey Group, Inc.* (1996) 51 Cal.

4   App. 4th 906, 916.)  In addition, if a fiduciary relationship exists between the

5   parties, the statute does not begin to run until the conversion is ***clearly and***

6   ***unequivocally brought to the attention of the [true] owner***. (*Bennett v. Hibernia*

7   *Bank* (1956) 47 Cal. 2d 540, 561.)

8          As stated above, Defendants actively concealed facts in order to deceive

9   Plaintiffs from discovering Defendants' misappropriation of the Domain Names

10  and intellectual property under the Agreement, including Pay-Per-Click accounts.

11  (*See* Complaint, ¶¶ 23, 26, 27, 28, 55-60 and 62-65.)  Accordingly, Plaintiffs are

12  not barred by any applicable statute of limitations related to any of its claims.

13  Furthermore, with respect to any conversion claims against E Dating For Free,

14  Inc., it is Plaintiffs understanding (although the same still needs to be confirmed

15  through Go Daddy, Inc. and Network Solutions, Inc.) that all Domain Names

16  currently registered to E Dating For Free, Inc. were transferred within the last three

17  (3) years.  (*See* Complaint, ¶¶ 31-33, 35, 55-60.)  If the same is correct, there is

18  also no statute of limitation issue with respect to these transfers, as "the three year

19  period of Code Civ. Proc. §338 begins to run anew when a subsequent purchaser

20  acquires the stolen property. (*Harpending v. Meyer* (1850) 55 Cal. 555, 561;

21  *Society of Cal. Pioneers v. Baker* (1996) 43 Cal. App. 4th 774.)

22          c.  <u>*Breach of Good Faith and Fair Dealing*</u>.

23        "Every contract imposes upon each party a duty of good faith and fair

24  dealing in its performance and its enforcement." (*Carma Developers (Cal.), Inc. v.*

25  *Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 371-372.)  The

26  covenant of good faith finds particular application in situations where one party is

27  invested with a discretionary power affecting the rights of another. Such power

28  must be exercised in good faith." (*Id.*)

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

12

**OPPOSITION TO MOTION TO DISMISS**

1    Plaintiffs' Complaint has unequivocally alleged facts sufficient to support a

2    claim for damages against Defendants for a breach of the implied covenant of good

3    faith and fair dealing.  As set forth in the Complaint, Plaintiffs vested a

4    discretionary power in Mobile Motion, Inc. and Doron Kim to use the Credit Cards

5    for Plaintiffs purpose to complete its obligations under the Agreement.  (*See*

6    Complaint, ¶¶ 21-24, 26-29 and 52-53.)  Mobile Motion, Inc. and Doron Kim

7    breached the implied covenant of good faith and fair dealing by misappropriating

8    intangible assets which rightfully should have been vested in Plaintiffs.

9    Accordingly, Plaintiffs claim for relief is proper and Defendants' Motion to

10   Dismiss must be denied.  (*Id.*)

11                    i.   *Statute of Limitations*.

12           Please refer to *Statute of Limitation* section with respect to Breach of Oral

13   Contract.

14           d.  *Fraud*.

15           As set forth above and within the Complaint, Mobile Motion, Inc. and Doron

16   Kim have/has concealed ownership of the Domain Names and the AdWords and

17   AdCenter accounts and has made various intentional misrepresentations in order to

18   obtain the Credit Cards for its own use.  (*See* Complaint, ¶¶ 21-24, 30, 36, and 61-

19   66.)  Plaintiffs reasonable relied on Defendants' willful representations and have

20   been damaged as a proximate result of Defendants' fraudulent representations and

21   concealment of facts as set forth in the Complaint.  (*See* Complaint, ¶¶ 61-66.)

22   Accordingly, because Plaintiffs have sufficiently pled a cause of action for fraud,

23   Defendants' Motion to Dismiss must be denied.

24                    i.   *Statute of Limitations*.

25           When there is a good cause of action founded on a recent discovery of fraud

26   or mistake, it may be brought within three years thereafter. (*Marston v. Kuhland*

27   (1907) 151 Cal. 102.)  An action for fraud may be brought within three years, after

28   the discovery thereof, even though the period of limitations set forth in §318 may

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

13

**OPPOSITION TO MOTION TO DISMISS**

1  have run. (*Lewis v. Beeks* (1948) 88 Cal. App. 2d 511.)  Furthermore, in cases

2  involving a fiduciary relationship between the parties at the time of the alleged

3  fraud, facts which would ordinarily require investigation may not excite suspicion,

4  and the same degree of diligence is not required.  (*Hobart v. Hobart Estate Co.*

5  (1945) 26 Cal. 2d 412.)  Accordingly, as set forth above, Plaintiffs did not discover

6  that Defendants had intentionally made misrepresentations under the Agreement

7  until September of 2010 as a result of the Defendants' concealment of material

8  facts related to ownership of the Domain Names and AdWords and AdCenter

9  accounts and the fiduciary relationship between the parties.  (*See* Complaint, ¶¶30,

10  36 and 62-66.)  As a result of the foregoing, Defendants' Motion to Dismiss must

11  be denied.

12  　　　　　　　　*e.  Cybersquatting 15 U.S.C. §1125(d).*

13  　　　　An owner of a mark may bring a cause of action against a Domain Name

14  registrant who (1) has a bad faith intent to profit from the mark and (2) registers,

15  traffics in, or uses a Domain Name that is (a) identically or confusingly similar to a

16  distinctive mark, (b) identically or confusingly similar to or dilutive of a famous

17  mark, or (c) is a trademark purchased by 18 U.S.C. §706. (15 U.S.C.

18  §1125(d)(1)(a).)

19  　　　　　　　i.  The Domain Names Are Identical And/Or Confusingly

20  　　　　　　　　　Similar To Plaintiffs' Famous Business Marks.

21  　　　　The marks contained within each of the Domain Names are famous marks

22  which are widely recognized by the general consuming public of the United States

23  as a designation of the Plaintiffs' source of services and business. (15 U.S.C

24  1125(c)(2)(A).)  (*See* Complaint, ¶39.)  The marks are famous and have been in

25  use as a service mark for the Plaintiffs' and its predecessors-in-interests'

26  businesses since 2003.  (*Id.*)  Accordingly, Plaintiffs possess common-law

27  trademark rights which are fully entitled to protection under 15 U.S.C. 1125(d)

28  because "it identifies the claimant's goods or services and distinguishes them from

1   those of others." (*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408

2   F.3d 596 (9th Cir. 2005).)

3       For example, Defendants have registered, re-registered and used domain

4   names such as AmericasChoiceDoors.com (mark in use by Plaintiffs since 2003),

5   FirstChoiceGarageDoors.com (mark in use by Plaintiffs since 2002),

6   GarageDoorMasters.com (mark in use by Plaintiffs since 2004) and

7   JustGarageDoors.com (mark in use by Plaintiffs since 2003), which are famous

8   business marks of Plaintiffs.  (*See* Complaint; Exhibit B.)  Plaintiffs are entitled to

9   principal registration with the United States Patent and Trademark Office with

10  respect to each of the Domain Names listed in the Complaint, including the domain

11  names listed above because they are unique service marks that have been in use in

12  commerce since 2003.

13      Notwithstanding the uniqueness of the above marks, to the extent any of the

14  marks are considered descriptive as argued by Defendants; such marks have

15  obtained acquired distinctiveness as a result of the continual use of such marks

16  since early 2000 and are therefore also entitled to registration as service marks

17  associated with Plaintiffs' business.  If a proposed Mark is not inherently

18  distinctive, it may be registered on the Principal Register if it has obtained acquired

19  distinctiveness, or "secondary meaning," that is, proof that it has become

20  distinctive as applied to the applicant's goods or services in commerce. (15 U.S.C.

21  1052(f).)  A term which is descriptive … may, through usage by one producer with

22  reference to his product, acquire a special significance so that to the consuming

23  public the word has come to mean that the product is produced by that particular

24  manufacturer. (1 Nims, Unfair Competition and Trademarks at §37 (1947).) This is

25  what is known as secondary meaning. (*Id.*)  Accordingly, because the Complaint

26  alleges that "the marks contained within the Domain Names that are currently in

27  use by Plaintiffs, are famous and widely recognized by the general consuming

28  public of the United States as a designation of the source of the goods and services

1   of Plaintiffs' garage door services business", Plaintiffs have successfully plead

2   factual allegations sufficient to allege a claim for damages resulting from a

3   violation of the Anti-Cybersquatting Protection Act 15 U.S.C. §1125(d).

4          Accordingly, Defendants are in violation of the Anti-Cybersquatting

5   Protection Act as set forth within 15 U.S.C. 1125(d), and therefore, Defendants'

6   Motion to Dismiss must be denied.

7                    ii.   <u>Defendants' Registered, Re-Registered and Used the</u>

8                          <u>Domain Names With A Bad Faith Intent To Profit From The</u>

9                          <u>Mark.</u>

10         As set forth in Plaintiffs' Complaint, Defendants violated 15 U.S.C. 1125(d)

11  by registering and renewing annually the Domain Names in Mobile Motion's name

12  and using the Domain Names from the date of the Agreement until present. (*See*

13  Complaint, ¶¶ 27, 31-35 and 38-40.) Defendants willfully and intentionally

14  misrepresented the true owner of the Domain Names at the time it registered the

15  Domain Names and during the entire period it used the Domain Names with a bad

16  faith intent and with the objective of withholding the Domain Names from

17  Plaintiffs so that they could profit from the Domain Names. (*See* Complaint, ¶¶

18  21-24, 27, 31-35, 38-40 and 62-66.)

19         Particularly, Defendants registered the Domain Names with the sole purpose

20  of preventing Plaintiffs from seeking other vendors to provide competitive

21  marketing services to Plaintiffs, thereby allowing Defendants to secure a superior

22  bargaining position to the point of extortion and to steal additional profits under the

23  Agreement. (*See* Complaint, ¶ 38.) On information and belief, Defendants further

24  registered the Domain Names with a bad faith intent to sell and/or exchange the

25  Domain Names with Plaintiffs after the Agreement was terminated. (*Id.*)

26  Plaintiffs believe it is the intent of Defendants at all times to offer the Domain

27  Names to Plaintiffs' competitors at severe and irreparable damage to Plaintiffs.

28  (*Id.*)

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

16

*iii.  Statute of Limitations.*

The Lanham Act provides no statute of limitations period. (*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 989-990 (9th Cir. 2009.).)  Accordingly, Plaintiffs' claim against Defendants for Cybersquatting under 15 U.S.C. §1125(d) is proper and Defendants' Motion to Dismiss must be denied.

**E.  Defendants Attempt To Confuse The Court Regarding Ownership and/or Affiliation With A AAA Allstate Overhead Garage Door, Inc. Does Not Bar Plaintiffs From Recovery.**

> a.  *Plaintiffs and its predecessors-in-interest have no right, title or interest in A AAA Allstate Overhead Garage Door, Inc.*

In an attempt to mislead the Court, Defendants allege in its' Motion to Dismiss that Allstate is a predecessor-in-interest of the Plaintiffs.  This factual ruse is nothing short of an improper attempt to make a statute of limitations argument (which would still not support a bar to Plaintiffs recovery on its claims as more fully discussed below).  Defendants are well aware of the truth.  Allstate is a company that was solely owned and operated by Ronnie Stephens. (*See* Declaration of Ron Stephens ("RJN Exhibit B; Stephens Decl."), ¶1.)  Peter Stephens and the Plaintiffs and its predecessors-in-interest have no affiliation or ownership in Allstate. (RJN Exhibit B; Stephens Decl., ¶4.)  Allstate was a dba for a company named America's Choice Door Company, Inc. (RJN Exhibit B; Stephens Decl., ¶1 and ¶4.)  The correct entity named in Plaintiffs' Complaint is AAA Allstate Overhead Door Corporation, Inc., not the entity improperly identified in Defendants' response. (*Id.*, ¶5.)  Accordingly, any argument identified in Defendants' response related to (1) "Plaintiffs' Notice and Acknowledgement of Mobile Motion, Inc.'s ownership of the Domain Name", (2) "Plaintiffs' 2008 Attempt to Purchase Some of the Domains from Mobile Motion" and (3) "Plaintiffs' Acknowledgement That Mobile Motion Owned the Domains"

1  is improper and should not be considered and should stand as a basis to call into

2  question the truth and veracity of all of the statements set forth in the declarations

3  of the defendants.

4      Furthermore, as set forth above, unless the Court converts the Rule 12(b)(6)

5  motion into a summary judgment motion, or the defense is apparent from matters

6  of which a court may take judicial notice, the court **may not** consider material

7  outside the complaint (e.g. facts presented in briefs, affidavits or discovery

8  materials). (*Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F3d

9  912, 925; *Butler v. Los Angeles County* (CD CA 2008) 617 F.Supp.2d 994, 999

10  (citing text); *Paulsen v. CNF, Inc.* (ND CA 2005) 391 F.Supp.2d 804, 807 (citing

11  text).) Accordingly, Defendants' Motion to Dismiss must be denied.

12         b. *Ronnie Stephens and Misti Stephens Have No Affiliation,*

13           *Ownership and Interest in Plaintiffs or Its' Predecessors-In-*

14           *Interest.*

15      Contrary to Doron Kim's liberal factual recantation of the facts that are the

16  subject of this action, neither Ron Stephens nor Misti Stephens have any affiliation

17  and/or ownership in any of the Plaintiffs or its predecessors-in-interest. (RJN

18  Exhibit B; Stephens Decl., ¶6.) Furthermore, Ron Stephens and Misty Stephens do

19  not work for Plaintiffs and/or its predecessors-in-interest. (*Id.*) Accordingly, any

20  evidence related to Plaintiffs' knowledge of the true registrant of the Domain

21  Names from Mobile Motion, Inc.'s relationship with such third parties cannot be

22  considered. In fact, Peter Stephens, Marlene Stephens, the Plaintiffs and its

23  predecessors-in-interest were unaware of the email chain related to the purchase of

24  certain websites for Allstate until Defendants' filed its response to Plaintiffs'

25  Application for a preliminary injunction.

26         c. *The Email Chain Between David Perez and Misti Stephens relates*

27           *Solely To "Websites" Not "Domain Names".*

28  Even if Allstate was a predecessor-in-interest to the Plaintiffs, Defendants

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

18

**OPPOSITION TO MOTION TO DISMISS**

1  allegations that Misty Stephens' email chain with David Perez somehow

2  acknowledges Mobile Motion, Inc.'s ownership of domain names is absurd.  A

3  cursory reading of the email chain identified within David Perez's declaration

4  directly shows that the only discussion between the parties was *for the purchase of*

5  *websites, and not domain names.*  David Perez's blanket statement "Misty's

6  request to purchase the domain names was vaguely worded" in no way

7  circumvents the true fact that Ms. Stephens was merely requesting to "pay you for

8  your time in creating the websites, and once you are paid, you can give us access to

9  it".  (*See* Declaration of David Perez, ¶10; Exhibit A.)  Accordingly, based on the

10  facts presented above, Defendants' arguments and facts related to Allstate must be

11  disregarded and Defendants' Motion to Dismiss must be denied.

### III.   CONCLUSION

13         For the foregoing reasons, Plaintiffs respectfully ask this Court to deny

14  Defendants' Motion to Dismiss.

16  DATED:  March 18, 2011                    COHEN & RICHARDSON, PC

JEFFREY A. COHEN
jcohen@corichlaw.com
ERIK S. VELIE
evelie@corichlaw.com
Cohen & Richardson, PC
2321 Rosecrans Avenue, Suite 4210
El Segundo, California, 90245
(310) 469-9600 – Telephone
(310) 469-9610 – Facsimile
Attorneys for Plaintiff, Global Development
Strategies, Inc. and Global Distribution
Services, Inc.

COHEN &
RICHARDSON, PC
El Segundo, California

19

**OPPOSITION TO MOTION TO DISMISS**

1
2

## CERTIFICATE OF SERVICE

3
4
5

I hereby certify that on March 28, 2011, the document listed below was filed electronically. A Notice of Electronic Filing is generated by the Court's CM/ECF System and will be sent to the attorneys below who are registered CM/ECF Users and have consented to electronic service.

6

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

7
8
9
10
11

By: s/ Jeffrey A. Cohen
Jeffrey A. Cohen
Attorneys for Defendant
Global Distribution Services, Inc. and
Global Development Strategies, Inc.

12
13
14

Karl S. Kronenberger
Krokenberger Burgoyne, LLC
150 Post Street, Suite 520
San Francisco, CA 94108

15
16
17
18
19
20
21
22
23
24
25
26
27
28

COHEN &
RICHARDSON, PC
EL SEGUNDO, CALIFORNIA

20