**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (SBN 226112)
Jeffrey M. Rosenfeld (SBN 222187)
Virginia A. Sanderson (SBN 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
jeff@KBInternetLaw.com
ginny@KBInternetLaw.com

Attorneys for Defendants Mobile Motion, Inc.,
Doron Kim, and E Dating For Free, Inc.

*NOTE CHANGES MADE BY THE COURT.*

*NOTE CHANGES MADE BY THE COURT.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLOBAL DEVELOPMENT STRATEGIES, INC.**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **MOBILE MOTION, INC.**, et al., <br><br> Defendants. | Case No. CV11-01966 CAS (AGRx) <br><br> ~~[PROPOSED]~~ ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY <br><br> Before Hon. Christina A. Snyder |

NOTE CHANGES MADE BY THE COURT.

This [Proposed] Order Concerning Discovery and Confidentiality (the "Discovery Order") between Plaintiffs Global Development Strategies, Inc. and Global Distribution Services, Inc. (collectively, Plaintiffs") and Defendants Mobile Motion, Inc. ("Mobile Motion"), Doron Kim and E Dating For Free, Inc. (collectively, "Defendants"), by and through their counsel of record, is made in the above-captioned action with respect to the following recitals:

WHEREAS, the parties to this action expect that they will be requested to produce documents, provide testimony and/or otherwise disclose confidential and/or proprietary business and/or financial information and/or other information that requires protection as confidential and/or proprietary trade secret information;

WHEREAS, the disclosure of any such confidential information within this action is made solely for purposes of this action and should not be used for any other purpose; and

WHEREAS, the parties to this action seek to establish procedures that will protect all confidential information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

## A. DEFINITIONS

The following definitions shall apply to this Discovery Order:

1.  The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated at any time under the above-captioned matter, through final judgment.

2.  "Document" shall mean and refer to all things that come within

the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation, documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

3. "Confidential Document" shall mean Documents that are confidential and/or proprietary to a party that have not been publicly disclosed and that the Producing Party (as defined below) designates as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner set forth in this Discovery Order; provided, however, that by agreeing to this Discovery Order, no party waives the right to challenge any other party's designation of any Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

4. "Confidential Information" shall mean confidential and/or proprietary information that has not been made available to the general public that concerns or relates to proprietary, business and financial information, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law.

5. "Designating Party" shall mean the party in this Action designating a Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

6. "Producing Party" shall mean the party producing Documents or providing testimony or other written discovery responses in the Action,

1 whether informally or pursuant to the Federal Rules of Civil Procedure and
2 any other applicable laws or rules of the Court.
3     7.    "Legend" as used herein shall mean a stamp or similar insignia
4 stating "Confidential" or "Confidential – Attorneys' Eyes Only," or other
5 appropriate term or terms identifying the level of confidentiality of the
6 Document.
7     8.    When reference is made in this Discovery Order to any
8 Document, the singular shall include the plural, and plural shall include the
9 singular.

**B. TERMS OF THE DISCOVERY ORDER**

10
11     1.    <u>Consumer Information.</u> The Parties understand that the Fair
12 Credit Reporting Act, as well as other federal and state laws and court rules,
13 may limit the disclosure of certain customer data in the Parties' possession,
14 and the Parties agree to comply with all such laws and regulations.
15     2.    <u>Designation of Documents</u>
16     a.    Any Producing Party may designate non-publicly disclosed
17 Documents as "Confidential" that the party reasonably and in good faith
18 believes contains or refers to Confidential Information. Further, any
19 Producing Party may designate non-publicly disclosed Documents as
20 "Confidential – Attorneys' Eyes Only" that the Designating Party reasonably
21 and in good faith asserts contains highly sensitive, competitive, confidential
22 and/or proprietary business and/or financial information the disclosure of
23 which to the adverse party would tend to create a competitive advantage to
24 that party in the market, and that therefore cannot be disclosed to anyone
25 other than those persons set forth in Section B.2.c below without prejudicing
26 the Designating Party.
27     b.    The Producing Party may designate a Document as
28 "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the

CASE NO. CV11-01966 CAS (AGRx)     3    [PROPOSED] DISCOVERY ORDER

appropriate Legend to all copies of the Document at the time of production, and/or by including such designation in an appropriate metadata filed with the production of Electronically Stored Information. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

    c. A party may designate deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (i) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and al copies thereof); or (ii) informing counsel for all other parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

    d. A party may designate documents produced by a third party pursuant to a subpoena issued in the Action as "Confidential" or "Confidential – Atorneys' Eyes Only" by informing counsel for all other parties of such designation in writing within seven (7) days after the Designating Party's receipt of the third-party documents. At that time, the Designating party shall affix the appropriate Legend to each designated page and provide copies of the same to all other parties. In furtherance of this provision, the parties hereby mutually agree that, within five (5) days of a party's receipt of documents from a third party pursuant to subpoena, the receiving party will either (i) provide copies of the third-party documents to all other parties, or (ii) notify all other parties of the receipt of the third-party documents and provide a brief description of the type and volume of documents produced. Within three (3) days of receipt of this notice, all other parties will respond to the receiving party as to whether the responding party

desires a copy of the third-party documents to be made at its own expense, and the parties will each make reasonable efforts to ensure that said copy is made and that it is received by the responding party within five (5) days of the party's receipt of notice of the documents unless otherwise extended by written agreement by counsel for the receiving party and counsel for the party receiving such notice. If, through no fault of the responding party, the copy is not received by the responding party within the five-day period contemplated, said delay will not shorten or otherwise adversely affect the responding party's time to review and designate the documents. For purposes of this Paragraph only, the five-day period for giving notice, the five-day period for providing a copy (which includes the three-day period for responding to notice), and the seven-day period for review and designation are collectively referred to as the "Designation Period." During the Designation Period, all parties agree to treat the third-party documents as "Confidential – Attorneys' Eyes Only."

3. <u>Provisions and Limitations of Use</u>

a. All Confidential Documents in this Action shall be used solely for purposes of the prosecution, defense, or settlement of this Action, including without limitation discovery, motions, briefs, and preparation for the trial, and for no other purpose, except as otherwise stated within this Discovery Order. This Discovery Order does not affect the admissibility or the use of Confidential Documents or Confidential Information.

b. Unless the Designating Party agrees otherwise, and subject to the other provisions of this Discovery Order, Documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) the

1  parties to this Action (including any current employees, agents, officers or
2  directors of such parties); (iv) independent contractors, experts, consultants
3  or advisors who are employed or retained by, or on behalf of, any of the
4  parties or counsel for the parties to this Action to assist in preparation of the
5  trial; (v) stenographic reporters who are involved in depositions or any Court
6  hearings or proceedings; (vi) copy service vendors; and (vii) any other
7  person as to whom the parties agree in writing that disclosure is appropriate.
8      c.   Unless the Designating Party agrees otherwise, and subject to
9  the other provisions of this Discovery Order, Documents designated
10 "Confidential – Attorneys' Eyes Only" and any summaries, charts or notes
11 made therefrom, and any facts or information contained therein or derived
12 therefrom, shall not be disclosed to any persons except: (i) the Court and its
13 officers; (ii) Designated Counsel of record and employees of Designated
14 Counsel of record; (iii) independent contractors, experts, consultants or
15 advisors who are employed or retained by, or on behalf of, any of the parties
16 or counsel for the parties to this Action to assist in preparation of the trial;
17 (iv) stenographic reporters who are involved in depositions or any Court
18 hearings or proceedings; (v) copy service vendors; and (vi) any other person
19 as to whom the parties agree in writing that disclosure is appropriate.
20 Documents designated "Confidential – Attorneys' Eyes Only" and any
21 summaries, charts or notes made therefrom, and any facts or information
22 contained therein or derived therefrom, shall not be disclosed to in-house
23 counsel.
24     d.   "Designated Counsel" as set forth in Section B.3.b.(ii) and
25 B.3.c.(ii) above are limited to counsel of record in this Action. Other than
26 persons as expressly set forth in this Section B.3.b and B.3.c, no other
27 counsel shall be permitted access to Documents designated "Confidential –
28 Attorney's Eyes Only" in this Action unless otherwise agreed to by all of the

parties in writing. "Designated Counsel" does not include in-house counsel.

e. Documents designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to a party, or to any officer, director, employee or agent of a party, unless otherwise agreed by the Designating Party or Parties in writing.

4. <u>Duty to Inform of Order</u>. Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories, (i), (v), and (vi) of Section B.3.b, and Documents designated "Confidential -- Attorneys' Eyes Only" may be disclosed to persons referred to in categories, (i), (iv), and (v) of Section B.3.c, only after such persons have been provided with, and have reviewed, a copy of this Discovery Order.

5. <u>Persons Required to Sign Order</u>. Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (ii), (iii), and (vii) of Section B.3.b, and Documents designated "Confidential -- Attorneys' Eyes Only" may be disclosed to persons referred to in category (ii), (iii), and (vi) of Section B.3.c, only after such persons have been provided with a copy of this Discovery Order and have signed the certification attached hereto as **Exhibit A**. This certification shall be retained by the counsel to the party disclosing the Confidential Documents or Confidential Information to such persons, and shall not be discoverable by any other party unless a dispute arises concerning an alleged violation of this Discovery Order.

6. <u>Copies</u>. Any person who obtains access to material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Stipulated Discovery Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose Confidential Information, except for use in this litigation, and each such

CASE NO. CV11-01966 CAS (AGRx)   7   [PROPOSED] DISCOVERY ORDER

copy, abstract, extract, analysis, summary, or other material which contains, reflects, or discloses Confidential Information is to be treated in accordance with the provisions of this Stipulated Discovery Order. All copies of material marked "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with Paragraph B.2 of this Order shall again be marked with the respective designation if the original mark was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" or "Confidential – Attorneys' Eyes Only" Documents as provided in this Discovery Order. Any person making, or causing to be made, copies of any "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Discovery Order.

7. <u>Agreement to Maintain Confidentiality</u>. Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such under this Discovery Order.

8. <u>Objections to Designation</u>. Within seven (7) days of the receipt of Documents marked "Confidential" or "Confidential – Attorneys' Eyes Only," any party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party. If the objecting party and the Designating Party are unable to resolve the objection, the objecting party shall move the Court for an order with respect to the disputed information. The objecting party's obligation to seek de-designation of Documents does not affect the Designating Party's burden to show that the Document is correctly designated as "Confidential" or

"Confidential-Attorneys' Eyes Only." In the event that any party files a motion to release a Document from a designation as "Confidential" or "Confidential-Attorneys' Eyes Only," the motion must be accompanied by an application for filing under seal to the extent it discloses designated information, in accordance with the procedure set forth in Central District of California Local Rules 79-5.

9. <u>Separate Discovery Order or Modification of This Discovery Order</u>. This Discovery Order shall be without prejudice to the right of the parties to the Action to present a motion to the Court for a separate Discovery Order as to any particular Document or information, including restrictions differing from those specified in this Discovery Order. In addition, this Discovery Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Discovery Order.

10. <u>Additional Disclosure</u>. If counsel wish to disclose "Confidential" or "Confidential – Attorneys' Eyes Only" material to any person not identified in paragraph B.3.b. or B.3.c. above, including without limitation, a party that produced the "Confidential" or "Confidential – Attorneys' Eyes Only" material, or any third party who was the author or recipient of material produced in this litigation that is designated "Confidential" or "Confidential – Attorneys' Eyes Only," they must proceed in the following manner: the names of the persons to whom "Confidential" or "Confidential – Attorneys' Eyes Only" material is to be disclosed shall be provided in writing to lead counsel for the Designating Party, along with the basis for their need to know, and a description with reasonable specificity of the confidential material to be disclosed. Counsel for the Designating Party shall have seven (7) court days to object to such disclosure in writing. If an objection to the disclosure is asserted by counsel to the Designating Party, the party wishing to disclose the confidentially-designated materials must apply for relief to the Court. Such material shall not be disclosed pending a decision

by the Court on such motion. Prior to the disclosure of confidential material to any such person, the person must agree to be bound by the terms of this Stipulated Discovery Order by signing the certification in the form of Exhibit A hereto. By such execution, the person represents that he or she understands the terms of this Stipulated Discovery Order and that he or she agrees to be bound by its terms. The person will be shown only such identified "Confidential" or "Confidential – Attorneys' Eyes Only" material as is essential to enable him or her to render the assistance required.

11. <u>Filing Confidential Material</u>. No "Confidential" or Confidential – Attorneys' Eyes Only" material shall be filed in the public record of this action *except by Court order*. All material so designated in accordance with the terms of this Stipulated Discovery Order that is filed with the Court, and any pleadings, motions or other papers containing confidential material, shall be filed in accordance with the procedures set forth in Central District of California Local Rule 79-5.1.

12. <u>Inadvertent Production or Disclosure of Confidential Documents or Information</u>. The inadvertent production or disclosure of Confidential Documents or Information by a Producing Party shall not constitute a waiver of any claim of confidentiality where (a) the Producing Party notifies the receiving party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the Producing Party provides properly redesignated Documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the Producing Party's notice. Upon receipt of properly redesignated Documents, the receiving party shall return all unmarked or incorrectly designated Documents to the Producing Party within five (5) business days. All parties, however, reserve all rights to challenge the confidential status of

such inadvertent production or disclosure.

13. <u>Inadvertent Disclosure of Confidential Documents or Information to Third Parties</u>. Upon learning that Confidential Documents or Information have been inadvertently disclosed by a receiving party to any person or party not authorized to receive them by this Discovery Order, then the receiving party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such Confidential Documents or Information and to bind such person or party to the terms of this Agreement; (c) within seven (7) business days of the discovery of such disclosure, inform such person or party of all provisions of this Agreement and identify such person or party to the Designating Party; and (d) request such person or party to sign the certification attached hereto as Exhibit A. The executed certification shall be served upon counsel for the Designating Party within ten (10) business days of its execution by the party to whom the Confidential Documents or Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of this Discovery Order.

14. <u>Subpoena of Confidential Document or Confidential Information</u>. If at any time any Confidential Document or Confidential Information is subpoenaed by a third party to a party that is named in this action, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Document or information, the party that is named in this action to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing.

15. <u>Continuation of Protection After Disposition</u>. The termination of proceedings in the Action shall not relieve any of the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Discovery Order, unless all of the parties to the Action agree otherwise. ~~The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.~~ Upon the final disposition of the Action, the parties shall automatically promptly return any Confidential Documents (and all copies made thereof) to the Producing Party from whom such Documents were obtained or shall certify the destruction thereof; provided, however, that the parties shall be entitled to keep in their possession any court filings, deposition transcripts or hearing transcripts, all of which shall continue to be governed by this Discovery Order.

16. ~~Designated Materials in Possession of Court After Final Disposition. After the final disposition of the Action, including all periods for appeal, upon an ex parte motion for an order authorizing the destruction of materials designated under this Order, the Court may destroy such materials designated under this Order.~~

17. <u>Inadvertent Production of Privileged or Protected Documents</u>. If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party within ten (10) business days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the

receiving party intends to challenge the Producing Party's assertion of privilege or protection. All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

18. <u>Modification of the Discovery Order.</u> The Court may modify the terms and conditions of the Discovery Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications prior to entry of such an order.

19. <u>Relation to any Court or Local rules.</u> Without separate court order, the Discovery Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

20. <u>Filing documents under Seal.</u> No document shall be filed under seal pursuant to this Discovery Order unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

21. This Stipulation and Order Concerning Discovery and Confidentiality (the "Order") shall only apply to documents specifically marked with a Legend stating the document is "Confidential" and "Confidential – Attorney's Eyes Only" pursuant to the foregoing procedures. Any documents produced by any party that does not specifically contain a mark, stamp or similar insignia stating "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be subject to this Order.

22. This Discovery Order may be executed in counterparts with the same force and effect as if executed in one complete document, and facsimile or scanned .pdf copies of original signatures shall have the same force and effect as originals.

23. The Parties agree to be bound by the terms of this Stipulation pending entry of the Discovery Order by the Court.

**IT IS SO ORDERED.**

DATED: April 15, 2011

*Alicia G. Rosenberg*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
## NON-DISCLOSURE CERTIFICATION

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the [Proposed] Order Concerning Discovery and Confidentiality ("Discovery Order") that was issued by the United States District Court for the Central District of California in the case entitled, *Global Dev. Strategies, Inc. et al. v. Mobile Motion, Inc. et al.*, United Stated District Court for the Central District of California, Case No. CV 11-01966 CAS (AGRx). I agree to comply with and to be bound by all the terms of this Discovery Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Discovery Order to any person or entity except in compliance with the Discovery Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Discovery Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____    By_____
                                          (Signature)

                                      _____
                                          (Print Name)

CASE NO. CV11-01966 CAS (AGRx)              [PROPOSED] DISCOVERY ORDER